# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| **VALTRUS INNOVATIONS LTD.,**<br><br>Plaintiff,<br><br>vs.<br><br>**SAP AMERICA, INC. AND SAP SE,**<br><br>Defendants. | Civil Action No. 2:24-cv-21<br><br>**JURY TRIAL DEMANDED** |

## DEFENDANTS SAP AMERICA, INC. AND SAP SE'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT

Defendants SAP America, Inc. and SAP SE (collectively, "SAP") file this Answer, Affirmative Defenses, and Counterclaims to Plaintiff Valtrus Innovations Ltd.'s ("Valtrus") Complaint for Patent Infringement (Dkt. No. 1 ("Complaint")). SAP denies the allegations and characterizations in Valtrus's Complaint unless expressly admitted in the following paragraphs.

## COMPLAINT FOR [ALLEGED] PATENT INFRINGEMENT

The first paragraph of the Complaint is an introductory paragraph that does not require a response by SAP. To the extent that this introductory paragraph requires a response, SAP denies that it has committed any act of patent infringement.

## PARTIES

1. SAP admits that Valtrus purports to have obtained the patent rights it now asserts from Hewlett Packard Enterprise ("HPE"). SAP further admits that one of HPE's primary facilities is located in Plano, Texas (within the Sherman Division). SAP is without knowledge or

information sufficient to form a belief as to the truth of the remaining allegations of paragraph 1 of the Complaint and, on that basis, denies all such allegations.

2. SAP admits the allegations of paragraph 2 of the Complaint.

3. SAP admits the allegations of paragraph 3 of the Complaint.

4. With respect to Valtrus's allegations in this Complaint, SAP denies the allegations of paragraph 4 of the Complaint.  Outside the specific allegations in this Complaint, SAP is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 of the Complaint and, on that basis, denies all such allegations.

## [ALLEGED] PATENTS IN SUIT

5. SAP is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5 of the Complaint and, on that basis, denies all such allegations.

6. SAP admits that Valtrus purports to have obtained the patent rights it now asserts from HPE.  SAP is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 6 of the Complaint and, on that basis, denies all such allegations.

7. SAP admits that the '409 Patent indicates on its face that it is titled "Coherency Control Module for Maintaining Cache Coherency in a Multi-Processor-Bus System," and that it issued on November 23, 2004.  SAP further admits that the Complaint purports to attach a copy of the '409 Patent as Exhibit 1.  SAP denies the remaining allegations of paragraph 7 of the Complaint.

8. SAP admits that Valtrus purports to have obtained the patent rights it now asserts from HPE.  SAP is without knowledge or information sufficient to form a belief as to the truth of

the remaining allegations of paragraph 8 of the Complaint and, on that basis, denies all such allegations.

9. SAP admits that the '244 Patent indicates on its face that it is titled "Method and Apparatus for Passing Messages Using a Fault Tolerant Storage System," and that it issued on May 3, 2005. SAP further admits that the Complaint purports to attach a copy of the '244 Patent as Exhibit 2. SAP denies the remaining allegations of paragraph 9 of the Complaint.

10. SAP admits that Valtrus purports to have obtained the patent rights it now asserts from HPE. SAP is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 10 of the Complaint and, on that basis, denies all such allegations.

11. SAP admits that the '182 Patent indicates on its face that it is titled "Data Redundancy System and Method," and that it issued on December 19, 2006. SAP further admits that the Complaint purports to attach a copy of the '182 Patent as Exhibit 3. SAP denies the remaining allegations of paragraph 11 of the Complaint.

12. SAP admits that Valtrus purports to have obtained the patent rights it now asserts from HPE. SAP is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 12 of the Complaint and, on that basis, denies all such allegations.

13. SAP admits that the '575 Patent indicates on its face that it is titled "Data Services Handler," and that it issued on December 25, 2007. SAP further admits that the Complaint purports

to attach a copy of the '575 Patent as Exhibit 4.  SAP denies the remaining allegations of paragraph 13 of the Complaint.

14.     SAP admits that Valtrus purports to have obtained the patent rights it now asserts from HPE.  SAP is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 14 of the Complaint and, on that basis, denies all such allegations.

15.     SAP admits that the '139 Patent indicates on its face that it is titled "Recreation of Archives at a Disaster Recovery Site," and that it issued on February 10, 2004.  SAP further admits that the Complaint purports to attach a copy of the '139 Patent as Exhibit 5.  SAP denies the remaining allegations of paragraph 15 of the Complaint.

16.     SAP admits that Valtrus purports to have obtained the patent rights it now asserts from HPE.  SAP is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 16 of the Complaint and, on that basis, denies all such allegations.

17.     SAP admits that the '738 Patent indicates on its face that it is titled "Fault Tolerant Systems," and that it issued on May 3, 2011.  SAP further admits that the Complaint purports to attach a copy of the '738 Patent as Exhibit 6.  SAP denies the remaining allegations of paragraph 17 of the Complaint.

18.     SAP admits that Valtrus purports to have obtained the patent rights it now asserts from HPE.  SAP is without knowledge or information sufficient to form a belief as to the truth of

the remaining allegations of paragraph 18 of the Complaint and, on that basis, denies all such allegations.

19.     SAP admits that the '264 Patent indicates on its face that it is titled "Method for Dynamic Processor Core and Cache Partitioning on Large-Scale Multithreaded, Multiprocessor Integrated Circuits," and that it issued on March 22, 2005. SAP further admits that the Complaint purports to attach a copy of the '264 Patent as Exhibit 7. SAP denies the remaining allegations of paragraph 19 of the Complaint.

20.     SAP admits that Valtrus purports to have obtained the patent rights it now asserts from HPE. SAP is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 20 of the Complaint and, on that basis, denies all such allegations.

## JURISDICTION AND VENUE

21.     SAP likewise incorporates by reference the paragraphs above.

22.     SAP admits that the Complaint purports to set forth a claim arising under the patent laws of the United States, title 35 of the United States Code, but denies that SAP has engaged in such infringement. SAP further admits that this Court has subject matter jurisdiction over this action.

23.     SAP does not contest personal jurisdiction over SAP by this Court and further admits that SAP has conducted business within this judicial district. SAP denies that it has committed any act of infringement (whether direct, indirect, contributory, or by inducement) within this judicial district, within the State of Texas, or elsewhere in the United States. SAP is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations of paragraph 23 and, on that basis, denies all such allegations.

24. SAP does not contest personal jurisdiction over SAP by this Court and further admits that SAP has conducted business within this judicial district. SAP denies that it has committed any act of infringement (whether direct, indirect, contributory, or by inducement) within this judicial district, within the State of Texas, or elsewhere in the United States. SAP is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations of paragraph 24 and, on that basis, denies all such allegations.

25. SAP does not contest personal jurisdiction over SAP by this Court and further admits that SAP has conducted business within this judicial district. SAP denies that it has committed any act of infringement (whether direct, indirect, contributory, or by inducement) within this judicial district, within the State of Texas, or elsewhere in the United States. SAP is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations of paragraph 25 and, on that basis, denies all such allegations.

26. SAP does not contest personal jurisdiction over SAP by this Court and further admits that SAP has conducted business within this judicial district. SAP denies that it has committed any act of infringement (whether direct, indirect, contributory, or by inducement) within this judicial district, within the State of Texas, or elsewhere in the United States. SAP is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations of paragraph 26 and, on that basis, denies all such allegations.

27. SAP denies the allegations of paragraph 27 of the Complaint. SAP also denies that venue is convenient in this judicial district or division.

28. SAP admits that it is registered to do business in the State of Texas and that it has transacted business within this judicial district. SAP further admits that it has a place of business in the Sherman Division of this judicial district. SAP denies that it has committed any act of

infringement (whether direct, indirect, contributory, or by inducement) within this judicial district, within the State of Texas, or elsewhere in the United States. SAP denies that venue is convenient in this judicial district or division. SAP is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations of paragraph 29 and, on that basis, denies all such allegations.

29. SAP denies the allegations of paragraph 29 of the Complaint. SAP also denies that venue is convenient in this judicial district or division.

## FIRST CLAIM
## [ALLEGED] INFRINGEMENT OF THE '409 PATENT

30. SAP likewise incorporates by reference the paragraphs above.

31. SAP denies the allegations of paragraph 31 of the Complaint.

32. SAP denies the allegations of paragraph 32 of the Complaint.

33. SAP denies the allegations of paragraph 33 of the Complaint.

34. SAP denies the allegations of paragraph 34 of the Complaint.

35. SAP denies the allegations of paragraph 35 of the Complaint.

36. SAP denies the allegations of paragraph 36 of the Complaint.

37. SAP denies the allegations of paragraph 37 of the Complaint.

## SECOND CLAIM
## [ALLEGED] INFRINGEMENT OF THE '244 PATENT

38. SAP likewise incorporates by reference the paragraphs above.

39. SAP denies the allegations of paragraph 39 of the Complaint.

40. SAP denies the allegations of paragraph 40 of the Complaint.

## THIRD CLAIM
## [ALLEGED] INFRINGEMENT OF THE '182 PATENT

41. SAP likewise incorporates by reference the paragraphs above.

42. SAP denies the allegations of paragraph 42 of the Complaint.

43. SAP denies the allegations of paragraph 43 of the Complaint.

44. SAP denies the allegations of paragraph 44 of the Complaint.

45. SAP denies the allegations of paragraph 45 of the Complaint.

46. SAP denies the allegations of paragraph 46 of the Complaint.

47. SAP denies the allegations of paragraph 47 of the Complaint.

48. SAP denies the allegations of paragraph 48 of the Complaint.

## FOURTH CLAIM
## [ALLEGED] INFRINGEMENT OF THE '575 PATENT

49. SAP likewise incorporates by reference the paragraphs above.

50. SAP denies the allegations of paragraph 50 of the Complaint.

51. SAP denies the allegations of paragraph 51 of the Complaint.

52. SAP denies the allegations of paragraph 52 of the Complaint.

53. SAP denies the allegations of paragraph 53 of the Complaint.

54. SAP denies the allegations of paragraph 54 of the Complaint.

55. SAP denies the allegations of paragraph 55 of the Complaint.

56. SAP denies the allegations of paragraph 56 of the Complaint.

## FIFTH CLAIM
## [ALLEGED] INFRINGEMENT OF THE '139 PATENT

57. SAP likewise incorporates by reference the paragraphs above.

58. SAP denies the allegations of paragraph 58 of the Complaint.

59. SAP denies the allegations of paragraph 59 of the Complaint.

## SIXTH CLAIM
## [ALLEGED] INFRINGEMENT OF THE '738 PATENT

60. SAP likewise incorporates by reference the paragraphs above.

61. SAP denies the allegations of paragraph 61 of the Complaint.

62. SAP denies the allegations of paragraph 62 of the Complaint.

63. SAP denies the allegations of paragraph 63 of the Complaint.

64. SAP denies the allegations of paragraph 64 of the Complaint.

65. SAP denies the allegations of paragraph 65 of the Complaint.

66. SAP denies the allegations of paragraph 66 of the Complaint.

67. SAP denies the allegations of paragraph 67 of the Complaint.

## SEVENTH CLAIM
## [ALLEGED] INFRINGEMENT OF THE '264 PATENT

68. SAP likewise incorporates by reference the paragraphs above.

69. SAP denies the allegations of paragraph 69 of the Complaint.

70. SAP denies the allegations of paragraph 70 of the Complaint.

71. SAP denies the allegations of paragraph 71 of the Complaint.

72. SAP denies the allegations of paragraph 72 of the Complaint.

73. SAP denies the allegations of paragraph 73 of the Complaint.

74. SAP denies the allegations of paragraph 74 of the Complaint.

75. SAP denies the allegations of paragraph 75 of the Complaint.

76. To the extent that any allegations of the Complaint have not been previously specifically admitted or denied, SAP denies them.

## PRAYER FOR [ALLEGED] RELIEF

77. SAP denies that Valtrus is entitled to any relief from SAP and denies all the allegations contained in paragraphs "A." through "H." of Valtrus's Prayer for Relief.

## DEMAND FOR JURY TRIAL

78. SAP admits that the Complaint sets forth a request for trial by jury.

## AFFIRMATIVE DEFENSES

SAP's Affirmative Defenses are listed below.  SAP reserves the right to amend its Answer to add additional Affirmative Defenses, including allegations of inequitable conduct, consistent with the facts discovered in the case.

## FIRST DEFENSE

1. SAP does not infringe and has not infringed, under any theory of infringement (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)), any valid, enforceable claim of the alleged Patents in Suit.

## SECOND DEFENSE

2. Each asserted claim of the Patents in Suit is invalid for failure to comply with one or more of the requirements of United States Code title 35—including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112—and the rules, regulations, and laws pertaining thereto.

## THIRD DEFENSE

3. To the extent that Valtrus and alleged predecessors in interest to the Patents in Suit, and their respective licensees, failed to properly mark any of their relevant products as required by 35 U.S.C. § 287 or otherwise give proper notice that SAP's actions allegedly infringed the Patents in Suit, SAP is not liable to Valtrus for the acts alleged to have been performed before it received actual notice that it was allegedly infringing the Patents in Suit. Accordingly, upon information and belief, Valtrus's claims for recovery of alleged damages may be limited by 35 U.S.C. § 287. In addition, upon information and belief, Valtrus's claims for recovery of alleged damages are limited by 35 U.S.C. § 286, and Valtrus is barred from recovering costs in connection with this action under 35 U.S.C. § 288.

**FOURTH DEFENSE**

4. To the extent that Valtrus asserts that SAP indirectly infringes, either by contributory infringement or inducement of infringement, SAP is not liable to Valtrus for the acts alleged to have been performed before SAP knew that its actions would allegedly cause indirect infringement.

**FIFTH DEFENSE**

5. The claims of the Patents in Suit are not entitled to a scope sufficient to encompass any system employed or process practiced by SAP.

**SIXTH DEFENSE**

6. Valtrus is not entitled to injunctive relief because any alleged injury to Valtrus is not immediate or irreparable and because Valtrus has an adequate remedy—if any—at law.

**SEVENTH DEFENSE**

7. Valtrus's claims are barred in whole or in part by prosecution-history estoppel and/or prosecution-history disclaimer.

**EIGHTH DEFENSE**

8. On information and belief, Valtrus's claims are barred, in whole or in part, by equitable doctrines including the doctrines of waiver, laches, acquiescence, unclean hands, and/or equitable estoppel.

**NINTH DEFENSE**

9. On information and belief, Valtrus's claims are barred, at least in part, by the existence of licenses or releases between Valtrus and potential customers of SAP.

## **TENTH DEFENSE**

10. Valtrus's claims are barred, at least in part, by 28 U.S.C. § 1498. To the extent that Valtrus's claims relate to the sale to and/or use or manufacture by or for the United States government of the allegedly infringing products, Valtrus's sole remedy is an action for damages filed in the United States Court of Federal Claims pursuant to 28 U.S.C. § 1498.

## **PRAYER FOR RELIEF ON PLAINTIFF'S COMPLAINT**

WHEREFORE, SAP asks this Court to enter judgment in SAP's favor and against Valtrus by granting the following relief:

a) a dismissal of all claims in Valtrus's Complaint with prejudice and a complete denial of Valtrus's requests for damages, injunctive relief, interest, costs, expenses, an accounting, attorneys' fees, and any other form of relief; and

b) an award to SAP of its reasonable attorneys' fees, costs, and all interest (including, without limitation, any attorneys'-fee awards based upon 35 U.S.C. § 285) and any such other and further relief as the Court finds just and proper.

| | |
|---|---|
| Dated: March 20, 2024 | Respectfully submitted,<br><br>*/s/ Michael A. Bittner*<br>Thomas M. Melsheimer<br>State Bar No. 13922550<br>tmelsheimer@winston.com<br>M. Brett Johnson<br>State Bar No. 00790975<br>mbjohnson@winston.com<br>Michael A. Bittner<br>State Bar No. 24064905<br>mbittner@winston.com<br>**WINSTON & STRAWN LLP**<br>2121 N. Pearl St., 9th Floor<br>Dallas, TX 75201<br>Telephone: (214) 453-6500<br><br>**ATTORNEYS FOR**<br>**SAP AMERICA, INC. and SAP SE** |

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  Therefore, this document was served on all counsel who are deemed to have consented to electronic service.  Local Rule CV-5(a)(3)(A).  Pursuant to Federal Rule of Civil Procedure 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email.

                                                /s/ *Michael A. Bittner*
                                                Michael A. Bittner