IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

Valtrus Innovations Ltd. §
§
*Plaintiff* §
§
§
v. § CIVIL ACTION NO. 2:24-cv-00021
§
SAP America, Inc. and SAP, SE. §
§
*Defendants.* §

## DISCOVERY ORDER

After a review of the pleaded claims and defenses in this action, in furtherance of the management of the Court's docket under Federal Rule of Civil Procedure 16, and after receiving the input of the parties to this action, it is ORDERED AS FOLLOWS:

1. **Initial Disclosures.** In lieu of the disclosures required by Federal Rule of Civil Procedure 26(a)(1), each party shall disclose to every other party the following information:

    (a) the correct names of the parties to the lawsuit;

    (b) the name, address, and telephone number of any potential parties;

    (c) the legal theories and, in general, the factual bases of the disclosing party's claims or defenses (the disclosing party need not marshal all evidence that may be offered at trial);

    (d) the name, address, and telephone number of persons having knowledge of relevant facts, a brief statement of each identified person's connection with the case, and a brief, fair summary of the substance of the information known by any such person;

    (e) any indemnity and insuring agreements under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment entered

in this action or to indemnify or reimburse for payments made to satisfy the judgment;

(f) any settlement agreements relevant to the subject matter of this action; and

(g) any statement of any party to the litigation.

2. **Disclosure of Expert Testimony.**[1] A party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703 or 705, and:

(a) if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony, provide the disclosures required by Federal Rule of Civil Procedure 26(a)(2)(B) and Local Rule CV-26; and

(b) for all other such witnesses, provide the disclosure required by Federal Rule of Civil Procedure 26(a)(2)(C).

3. **Additional Disclosures.** Without awaiting a discovery request,[2] each party will make the following disclosures to every other party:

(a) provide the disclosures required by the Patent Rules for the Eastern District of Texas with the following modifications to P.R. 3-1 and P.R. 3-3:

   i. If a party claiming patent infringement asserts that a claim element is a software limitation, the party need not comply with P.R. 3-1 for those claim elements until 30 days after source code for each Accused Instrumentality is produced by the opposing party. Thereafter, the party claiming patent

---

[1] All expert reports should be written such that the report is organized with discrete paragraph numbers.

[2] The Court anticipates that this disclosure requirement will obviate the need for requests for production.

     infringement shall identify, on an element-by-element basis for each asserted claim, what source code of each Accused Instrumentality allegedly satisfies the software limitations of the asserted claim elements.

    ii. If a party claiming patent infringement exercises the provisions of Paragraph 3(a)(i) of this Discovery Order, the party opposing a claim of patent infringement may serve, not later than 30 days after receipt of a Paragraph 3(a)(i) disclosure, supplemental "Invalidity Contentions" that amend only those claim elements identified as software limitations by the party claiming patent infringement.

 (b) produce or permit the inspection of all documents, electronically stored information, and tangible things in the possession, custody, or control of the party that are relevant to the pleaded claims or defenses involved in this action, except to the extent these disclosures are affected by the time limits set forth in the Patent Rules for the Eastern District of Texas; and

 (c) provide a complete computation of any category of damages claimed by any party to the action, and produce or permit the inspection of documents or other evidentiary material on which such computation is based, including materials bearing on the nature and extent of injuries suffered, except that the disclosure of the computation of damages may be deferred until the time for Expert Disclosures if a party will rely on a damages expert.

 **4.** **Protective Orders.** The Court will enter the parties' Agreed Protective Order.

 **5.** **Discovery Limitations.** The discovery in this cause is limited to the disclosures described in Paragraphs 1-3 together with:

(a) <u>Interrogatories.</u> Plaintiff may serve a maximum of 40 interrogatories on Defendants. Defendants collectively may serve a maximum of 40 interrogatories on Plaintiff.

(b) <u>Requests for Admission.</u> Plaintiff may serve up to 40 requests for admission on Defendants. Defendants collectively may serve up to 40 requests for admission on Plaintiff. Requests that a party admit to the authenticity of documents or things shall not count against the total requests for admission; such authentication requests for admission must be clearly labeled as relating to authentication and the deadline to respond shall be fourteen (14) days; the parties are required to meet and confer in good faith prior to serving any such authentication request for admission, and specifically to consider a stipulation regarding authentication as an alternative to use of such requests for admission.

(c) <u>Fact Depositions</u>

　　i. Plaintiff shall be permitted up to 70 hours of total deposition time for Defendants witnesses. Defendants collectively shall be permitted up to seventy (70) hours of total deposition time for Plaintiff's witnesses.[3]

　　ii. The parties may take up to fifty (50) hours of third-party deposition testimony. Parties can take unlimited depositions on written questions of custodians of business records for third parties.

　　iii. Depositions may be conducted virtually, through remote video, at the request of the deposing party. In-person depositions will be conducted at a

---

[3] For clarity, the deposition of any person that is an employee or affiliate of a named party will be considered a party deposition.

location that is convenient for the witnesses, or as otherwise agreed upon by the parties. The parties shall meet and confer in good faith to schedule depositions under Fed. R. Civ. P. 30(b)(6) at a time and place that is convenient for the deponent and the parties. For foreign party witnesses, the parties agree to forego Hauge Convention procedures and agree to confer in good faith on the manner (in person or remote) and time for the deposition of each witness. For purposes of determining the hour-allotment for foreign-language-translated depositions, the parties agree that any deposition that requires translation from a foreign language into English will count as one-half of the hours used on the record (*e.g.*, a foreign-language translated deposition that takes four hours on the record will count for two hours).

iv. Except as otherwise set forth in this Order or ordered by the Court or agreed to by the parties, no witness shall be subject to more than one deposition (including by separate parties) in his or her personal capacity (*i.e.*, not as a designee of an entity under Fed. R. Civ. P. 30(b)(6)). No more than seven (7) hours of fact deposition may be taken of one person in one day without the consent of the deponent.

v. Each party reserves the right to seek an adjustment of these time limits based upon changes to the scope of discovery, or the addition or dismissal of any parties, in this case. These provisions, further, may be amended by agreement of the parties. The parties shall make best efforts to coordinate depositions to reduce redundancy and inconvenience to the parties.

      vi. To facilitate efficient deposition scheduling, the parties further agree to:

- Exchange their list of 30(b)(6) designees that includes both their witness designations and topics for which that witness is designated no later than four weeks after being served with a 30(b)(6) notice, subject to good faith modifications;

- Exchange deposition dates for any noticed deposition no later than three weeks after being served with a deposition notice and further (1) provide at least two deposition dates at least one week apart for any 30(b)(1) or 30(b)(6) deponent, which shall be for dates at least two weeks before the close of fact discovery; and

- Produce all documents that the party in good faith understands to be relevant to any deponent's deposition at least 7 business days prior to that deponent's scheduled deposition.

(d) <u>Expert Depositions.</u>

      i. Subject to subparagraph (ii) below, each party[4] may depose each expert that serves an opinion against that party for seven (7) hours per report.

      ii. Notwithstanding subsection (i) above: if an expert serves a report that addresses more than four patents, then the opposing party may depose the expert for an additional one hour per additional patent addressed (e.g., if an expert serves a report addressing 6 patents, then the party against whom the report is served may take up to nine (9) hours of deposition time).

---

[4] "Party," in the case of Defendants, means the Defendants, collectively, in this action.

        iii.    No more than seven (7) hours of deposition may be taken of one person in one day without the consent of the deponent.

Any party may later move to modify these limitations for good cause.

      **6.**    **Privileged Information.**  There is no duty to disclose privileged documents or information. However, the parties are directed to meet and confer concerning privileged documents or information after the Status Conference. By the deadline set in the Docket Control Order, the parties shall exchange privilege logs identifying the documents or information and the basis for any disputed claim of privilege in a manner that, without revealing information itself privileged or protected, will enable the other parties to assess the applicability of the privilege or protection. Any party may move the Court for an order compelling the production of any documents or information identified on any other party's privilege log. If such a motion is made, the party asserting privilege shall respond to the motion within the time period provided by Local Rule CV-7. The party asserting privilege shall then file with the Court within 30 days of the filing of the motion to compel any proof in the form of declarations or affidavits to support their assertions of privilege, along with the documents over which privilege is asserted for *in camera* inspection. However, if the party asserting privilege seeks an *in camera* review by the Court, such party shall first obtain leave from the Court prior to delivery of documents to the Court.

      **7.**    **Signature.**  The disclosures required by this Order shall be made in writing and signed by the party or counsel and shall constitute a certification that, to the best of the signer's knowledge, information and belief, such disclosure is complete and correct as of the time it is made. If feasible, counsel shall meet to exchange disclosures required by this Order; otherwise, such disclosures shall be served as provided by Federal Rule of Civil Procedure 5. The parties

shall promptly file a notice with the Court that the disclosures required under this Order have taken place.

8. **Duty to Supplement.** After disclosure is made pursuant to this Order, each party is under a duty to supplement or correct its disclosures **immediately** if the party obtains information on the basis of which it knows that the information disclosed was either incomplete or incorrect when made, or is no longer complete or true.

9. **Discovery Disputes.**

(a) Except in cases involving claims of privilege, any party entitled to receive disclosures ("Requesting Party") may, after the deadline for making disclosures, serve upon a party required to make disclosures ("Responding Party") a written statement, in letter form or otherwise, of any reason why the Requesting Party believes that the Responding Party's disclosures are insufficient. The written statement shall list, by category, the items the Requesting Party contends should be produced. The parties shall promptly meet and confer. If the parties are unable to resolve their dispute, then the Responding Party shall, within 14 days after service of the written statement upon it, serve upon the Requesting Party a written statement, in letter form or otherwise, which identifies (1) the requested items that will be disclosed, if any, and (2) the reasons why any requested items will not be disclosed. The Requesting Party may thereafter file a motion to compel.

(b) An opposed discovery related motion, or any response thereto, shall not exceed 7 pages. Attachments to a discovery related motion, or a response thereto, shall not exceed 5 pages. No further briefing is allowed absent a request or order from the Court.

(c) Prior to filing any discovery related motion, the parties must fully comply with the substantive and procedural conference requirements of Local Rule CV-7(h) and (i). Within 72 hours of the Court setting any discovery motion for a hearing, each party's lead attorney (*see* Local Rule CV-11(a)) and local counsel shall meet and confer in person or by telephone, without the involvement or participation of other attorneys, in an effort to resolve the dispute without Court intervention.

(d) Counsel shall promptly notify the Court of the results of that meeting by filing a joint report of no more than two pages. Unless excused by the Court, each party's lead attorney shall attend any discovery motion hearing set by the Court (though the lead attorney is not required to argue the motion).

(e) Any change to a party's lead attorney designation must be accomplished by motion and order.

(f) Counsel are directed to contact the chambers of the undersigned for any "hot-line" disputes before contacting the Discovery Hotline provided by Local Rule CV-26(e). If the undersigned is not available, the parties shall proceed in accordance with Local Rule CV-26(e).

10. **No Excuses.** A party is not excused from the requirements of this Discovery Order because it has not fully completed its investigation of the case, or because it challenges the sufficiency of another party's disclosures, or because another party has not made its disclosures. Absent court order to the contrary, a party is not excused from disclosure because there are pending motions to dismiss, to remand or to change venue.

11. **Filings.** Only upon request from chambers shall counsel submit to the court courtesy copies of any filings.

**12. Proposed Stipulations by the Parties Regarding Discovery.** The parties stipulate and agree as follows:

    (a)    <u>Service by Electronic Mail.</u> The parties will make every effort to serve all documents electronically, by e-mail or through ECF. The parties will serve any documents filed under seal within two hours or by midnight on the date of filing, whichever is earlier. A party may serve all documents by e-mail on another party by sending the documents to the email group address designated by a party, or if no such group is designated, to email address for all counsel of record for the party.[5] Notwithstanding Local Rule CV-5(a)(3)(C)-(D), documents emailed by 11:59 p.m. Central Time shall be deemed served on the day they were actually sent for purposes of calculating a response date to the document served.

    (b)    <u>Expert Disclosures.</u> The parties agree that the protections provided in FRCP 26(b)(4)(B) and (C) will apply equally to expert declarations as they do to expert reports, including both drafts of declarations and communications related to declarations. Pursuant to FRCP 26(b)(4), draft expert reports, notes, outlines, and any other writings leading up to an expert's final report(s) are exempt from discovery. In addition, all communications with and all materials generated by an expert with respect to his or her work on this action are exempt from discovery unless considered by the expert in forming his or her opinions. If an expert produces a report, the expert must produce his or her final report and all materials which the expert relied on, to the extent they have not already been produced. No discovery

---

[5] Service via FTP site with emailed link and (if applicable) password information or other appropriate electronic means shall be deemed to comport with the requirements of electronic service.

can be taken from any consulting expert except to the extent that the consulting expert has provided information, opinions, or other materials to a testifying expert, who then relies upon such information, opinions, or other materials in forming his or her final report, declaration, trial or deposition testimony, or any opinion in this case. Materials, communications, and other information exempt from discovery under this Paragraph shall be treated as attorney work product for the purposes of this litigation but need not be logged on a privilege log.

(c) <u>Non-Waiver of Privilege.</u> Inadvertent production of materials covered by the attorney-client privilege, work-product protection, common interest privilege, or a similar exemption from discoverability is not a waiver in the pending case or any other federal or state proceeding. For example, the mere production of privilege or work-product protected documents in this case as part of a mass production is not itself a waiver in this case or any other federal or state proceeding. A producing party may assert privilege or work product protection over any produced documents after becoming aware of the production by promptly (after learning of the inadvertent production) notifying the receiving party of the assertion of privilege or protection in writing. For any document produced for which notice is given that it intends to assert privilege or work-product protection at the producing party's request, the producing party must immediately supply a privilege log supporting the claim of privilege with respect to the documents at issue, thereby enabling the receiving party to dispute the assertion of privilege in accordance with Paragraph 6 of this Order. Within three (3) business days, the receiving party shall promptly return or destroy the produced materials and destroy any copies and/or work

product created from such material. However, if the claim of privilege is disputed by the receiving party, the receiving party may continue to retain the disputed materials until the dispute is resolved pursuant to Fed. R. Civ. Proc. 26(b)(5)(B).

(d) <u>Privilege Log.</u> The parties agree that, except as provided in Paragraph 12(c) above, the parties shall not be required to log (1) any privileged document created on or after March 4, 2022; or (2) any communication including outside counsel of record in this case and that relate to the subject matter of this case.

(e) <u>Third-Party Discovery</u>—A party who receives documents and things from a third party pursuant to a subpoena will reproduce those documents and things to the other parties within seven days. Where reproduction of documents within this time frame is not possible, the party who received the documents and things will provide prompt notice to the other party and will work in good faith to timely resolve the issue.

(f) <u>Authenticity</u>—All bates-stamped documents produced and created by a party are presumed authentic under Federal Rule of Evidence 901.

13. **Standing Orders.** The parties and counsel are charged with notice of and are required to fully comply with each of the Standing Orders of this Court. Such are posted on the Court's website at http://www.txed.uscourts.gov/?q=court-annexed-mediation-plan. The substance of some such orders may be included expressly within this Discovery Order, while others (including the Court's Standing Order Regarding Protection of Proprietary and/or Confidential Information to Be Presented to the Court During Motion and Trial Practice) are incorporated herein by reference. All such standing orders shall be binding

on the parties and counsel, regardless of whether they are expressly included herein or made a part hereof by reference.

**So ORDERED and SIGNED this 12th day of April, 2024.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE