**HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY**

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| **Valtrus Innovations Ltd.** | § | |
| **Plaintiff** | § | |
| | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 2:24cv21** |
| | § | |
| **SAP America, Inc. and SAP, SE.** | § | **JURY TRIAL DEMANDED** |
| **Defendants.** | § | |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR INTRA-DISTRICT
TRANSFER**

**HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY**

## TABLE OF CONTENTS

I.      **INTRODUCTION** ................................................................................................ 1

II.     **LEGAL STANDARD** ......................................................................................... 3

III.    **ARGUMENT** ..................................................................................................... 3

    A.   **SAP Didn't Seriously Investigate the Transfer Issues** ....................................... 3

         2.   SAP Didn't Seriously Investigate the Location of Likely Trial Witnesses . 4

    B.   **Private Interest Factors** ...................................................................................... 6

         1.   Private Factor 1: The Relative Ease of Access to Sources of Proof is Neutral .................................................................................................... 6

         2.   Private Factor 2: The Availability of Compulsory Process Weighs Against Transfer .................................................................................................... 7

         3.   Private Factor 3: The Convenience and Cost of Attendance for Willing Witnesses Slightly Weighs Against Transfer ............................................. 9

         4.   Private Factor 4: Practical Problems Strongly Weigh Against Transfer ... 12

    C.   **Public Interest Factors** ...................................................................................... 13

         1.   Public Factor 1: The Court's Localized Interest Is Neutral ...................... 13

         2.   Public Factor 2: Court Congestion Weighs Against Transfer .................. 14

         3.   Public Factor 3: Familiarity of the Forum With Governing Law Weighs Against Transfer .................................................................................... 14

         4.   Public Factor 4: Conflict of Law Weighs Against Transfer ..................... 15

IV.    **CONCLUSION** ............................................................................................... 15

**HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY**

## TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*In re Apple, Inc.,*
    979 F.3d 1332 (Fed. Cir. 2020)..................................................................6, 11

*Athalonz LLC v. Under Armour, Inc.,*
    2023 WL 8809293 (E.D. Tex. Dec. 20, 2023)..........................................11

*In re Clarke,*
    94 F.4th 502 (5th Cir. 2024) .............................................................. *passim*

*CXT Sys., Inc. v. Container Store, Inc.,*
    2019 WL 1506015 (E.D. Tex. Apr. 5, 2019)...........................................15

*Defense Distributed v. Bruck,*
    30 F.4th 414 (5th Cir. 2022) .........................................................1, 3, 8

*Diem LLC v. BigCommerce, Inc.,*
    2017 WL 6729907 (E.D. Tex. Dec. 28, 2017)...........................................5

*In re EMC Corp.,*
    501 F. App'x 973 (Fed. Cir. 2013) ........................................................13

*In re Fort Worth,*
    2024 WL 1976963 (5th Cir. May 3, 2024) .........................................1, 3, 12

*In re Google LLC,*
    2021 WL 5292267 (Fed. Cir. Nov. 15, 2021).........................................6, 7

*J2 Global Commc'ns, Inc. v. Protus IP Sols., Inc.,*
    2008 WL 5378010 (E.D. Tex. Dec. 23, 2008)...........................................8

*Kajeet, Inc. v. Trend Micro, Inc.,*
    2022 WL 126490 (W.D. Tex. Jan. 12, 2022) ...........................................9

*Moore v. Unit Tex. Drilling, LLC,*
    2009 WL 10704741 (N.D. Tex. Nov. 17, 2009)........................................8

*Morris v. Copart,*
    2016 WL 6608874 (E.D. Tex. Nov. 9, 2016) ...........................................4

*In re Planned Parenthood,*
    52 F.4th 625 (5th Cir. 2022) .............................................. *passim*

HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY

*R2 Sols, LLC v. FedEx Corp. Servs., Inc.*,
   2022 WL 2484539 (E.D. Tex. July 6, 2022) ............................................................................12

*SVV Tech. Innovations, Inc. v. Acer Inc.*,
   2023 WL 2764765 (W.D. Tex. Apr. 3, 2023).............................................................................6

*In re TikTok, Inc.*,
   85 F.4th 352 (5th Cir. 2023) ............................................................................... *passim*

*U.S. Ethernet Innovations, LLC v. Acer, Inc.*,
   2010 WL 2771842 (E.D. Tex. July 13, 2010) .................................................................13, 15

*VisionX Techs. v. Sony Grp.*,
   2023 WL 3572898 (E.D. Tex. May 19, 2023) .................................................................11, 12

*In re Volkswagen*,
   545 F.3d 304 (5th Cir. 2008) ...........................................................................................15

**Federal Statutes**

28 U.S.C. 1404................................................................................................ *passim*

**HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY**

## I.     INTRODUCTION

SAP's motion should be denied.  Pursuant to recent controlling Fifth Circuit precedent, none of which SAP addresses, five of the eight transfer factors weigh against transferring this case, while the remaining factors are neutral. *See, e.g.*, *In re Clarke*, 94 F.4th 502 (5th Cir. 2024); *In re TikTok, Inc.*, 85 F.4th 352 (5th Cir. 2023); *In re Planned Parenthood*, 52 F.4th 625 (5th Cir. 2022); *Def. Distributed v. Bruck*, 30 F.4th 414 (5th Cir. 2022).

At the heart of SAP's transfer motion is its representation that two satellite offices in Plano and Allen provide a more convenient nexus to this case.  ███████████████████████ ████████████████████████████████████████████████  SAP offered no evidence that it will maintain a presence in the Sherman Division after August 2024.  *See In re Fort Worth*, 2024 WL 1976963, at *7 (5th Cir. May 3, 2024) (Oldham, J., concurring) (the plaintiff's choice of venue controls unless the defendant identifies a "clearly more convenient" alternative, coupled with credible evidence that the purported benefits will "actually materialize." (citation omitted)). Though SAP promises additional conveniences based on its "capability to *access*" electronic documents from Plano, it confuses the location of "*access*" with the location of "*storage*" and "*custodians*" (the actual relevant legal inquiry) and ignores the fact that its documents are equally accessible from Marshall or any location with an Internet connection.

SAP's arguments about party and third-party witnesses in Sherman fare no better.  SAP identified 18 "potentially relevant" employees, two of which are in Plano with the remaining 16 mostly scattered around the globe.  *See* Pandya Decl. at 3-4 (Dkt. 22).  But SAP's lone 30(b)(6) witness couldn't articulate the relevance of any of these employees or whether they are likely trial witnesses at all.  ████████████████████████  Attending trial for these additional 16 individuals would already require substantial travel for them, making any added inconvenience

1

**FILED UNDER SEAL**
**HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY**

from visiting Marshall vis-à-vis the Sherman division de minimis.  What's more, SAP ignores its

relevant witnesses in Atlanta and Houston for whom a Marshall trial is likely no more inconvenient

than Sherman.

In regard to third-party witnesses, two of the most significant are HPE and AMD.  HPE is

headquartered in Spring, TX, and AMD has an office there too (both closer to Marshall).  Though

SAP contends that Phillip Jones (a named inventor on the '409 patent) is a current HPE employee

in Georgetown, SAP's sole basis for support is a LinkedIn page seemingly belonging to a ***different***

"philip jones" (spelled with one L):

| '409 Patent Phillip Jones (Ex. M) | "Philip Jones" (Ex. J to Dkt. 22 at 20) |
|---|---|
| (54)  COHERENCY CONTROL MODULE FOR MAINTAINING CACHE COHERENCY IN A MULTI-PROCESSOR-BUS SYSTEM  (75)  Inventors: **Phillip M. Jones**, Spring, TX (US); **Paul B. Rawlins**, Spring, TX (US)  (73)  Assignee:  **Hewlett-Packard Development Company, L.P.**, Houston, TX (US) | **philip jones**  senior consultant at HP  HP  United States · Contact info  Connect  (Message)  (More)  Activity  0 followers |

As for SAP's speculations about *Valtrus*'s convenience, nearly all of them are either

incorrect or inconsequential as a matter of law.  For example, neither Valtrus nor its licensing

advisor Patent Platform Services LLC ("PPS") maintain relevant documents in Sherman; Valtrus's

sole likely trial witness will be flying from Ireland and doesn't find visiting Marshall inconvenient.

And PPS employees (including Ms. Kumar and Dr. Ho) are unlikely (but willing) trial witnesses.

Finally, SAP overlooks all the reasons that denying transfer promotes judicial economy and

avoids conflicting decisions.  Valtrus has multiple pending suits before this Court, including a

consolidated case against Verizon, T-Mobile, and OnePlus ("Wireless Carrier" cases).[1]  That case

---

[1] In total, Valtrus has six other cases pending before this Court: *Valtrus Innovations Ltd. v. NTT Data Services, LLC et al.* (No. 2:24-cv-00361); *Valtrus Innovations Ltd. v. CyrusOne, LLC* (No. 2:24-cv-00259); *Valtrus Innovations Ltd. v. Digital Realty Trust, Inc. et al.* (No. 2:24-cv-00139); *Valtrus Innovations Ltd. v. Dawn Acquisitions LLC* (No. 2:24-cv-00142); *Valtrus Innovations Ltd. v. Verizon Communications Inc. et al.* and *Valtrus Innovations Ltd. v. T-Mobile USA, Inc. et al.* (Lead Case No. 2:23-cv-00443).

**HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY**

includes an overlapping patent with this case (Patent No. 6,871,264), resulting in this Court's familiarity with some of Valtrus's patented technology.  Relatedly, all of Valtrus's patents were acquired from HPE, meaning that all of the cases will involve the same questions of ownership and similar issues pertaining to marking and damages (such as hypothetical negotiation issues).

## II.   LEGAL STANDARD

Transfer under § 1404(a) is only proper if "a movant [shows] (1) that the marginal gain in convenience will be *significant*, and (2) that its evidence makes it plainly obvious—i.e., clearly demonstrated—that those marginal gains will *actually* materialize in the transferee venue."  *In re Clarke*, 94 F.4th at 508 (5th Cir. 2024) (emphasis added).  "Whenever a defendant is haled into court, some inconvenience is expected and acceptable."  *In re Planned Parenthood*, 52 F.4th at 629 (5th Cir. 2022) (cleaned up, citation omitted).  But "the fact that litigating would be more convenient for that defendant elsewhere is not enough to justify transfer."  *Id.*  In fact, "Plaintiffs are *permitted* to engage in a certain amount of forum-shopping."  *In re TikTok, Inc.*, 85 F.4th at 357 (5th Cir. 2023) (emphasis added).  So "when the transferee venue is not clearly more convenient than the venue chosen by the Plaintiff, the Plaintiff's choice should be respected." *Def. Distributed*, 30 F.4th at 433 (5th Cir. 2022) (cleaned up, citation omitted).

## III.   ARGUMENT

### A.   SAP Didn't Seriously Investigate the Transfer Issues

Venue discovery made plain that SAP didn't seriously investigate most of the factual issues relevant to the 1404(a) inquiry.  Without a credible investigation, the Court should not credit SAP's convenience analysis, as SAP has failed to meet its burden.  *See In re Fort Worth*, 2024 WL 1976963, at *7 (Defendant's "burden reflects the longstanding deference that courts show towards the plaintiff's choice of venue.") (Oldham, J., concurring);

3

**FILED UNDER SEAL**
**HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY**

### 2.    *SAP Didn't Seriously Investigate the Location of Likely Trial Witnesses*

Mr. Pandya's declaration represented that 18 SAP employees (14 of whom are outside the U.S.) are "potentially relevant" witnesses to the case.  *See* Dkt. 22, Pandya Decl. at 3.  The list includes employees in ███████████████████████████████████████████ ████████████████████████  *Id.* Yet, at his deposition, Mr. Pandya (SAP's only 30(b)(6) witness) couldn't specify what relevant information *any* of these witnesses had. ██████████

████████████████████

**HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY**

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████    SAP's investigation is insufficient as a matter of law.  *See Diem LLC v. BigCommerce, Inc.*, 2017 WL 6729907, at *3 (E.D. Tex. Dec. 28, 2017) ("while BigCommerce identifies several employees . . . in the San Francisco office, BigCommerce fails to identify the relevance of these individuals to this litigation.").

Further, six of these 18 SAP employees aren't even listed on SAP's initial disclosures served on April 15, *after* Mr. Pandya submitted his declaration.  *See* Ex. D at 5-6.  ██████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████    Beyond this, SAP made no effort to consider relevant witnesses based in its Atlanta and Houston offices, which appear to have many more relevant witnesses who could just as conveniently attend trial in Marshall.  *Id.* at 280:12-282:5; *see also* Ex. E (Shreveport flights); Ex. F (Houston to Marshall map).  SAP's failings warrant denying its motion.  *See In re Clarke*, 94 F.4th at 508 ("It is the movant's burden—and the movant's alone—to adduce evidence and arguments that clearly establish good cause for transfer" (cleaned up, citation omitted)).

**HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY**

B.    **Private Interest Factors**

      1.    ***Private Factor 1: The Relative Ease of Access to Sources of Proof is Neutral***

SAP's sole reason for weighing this factor for transfer is this: The bulk of electronic evidence (from SAP and PPS) is *accessible* from the Sherman Division. Tr. Br. at 7-9. But when the relevant documents are stored electronically with no physical evidence in the transferee venue (as is the case here), what matters is "the [1] location of *servers* where documents are stored, . . . [2] the location of document *custodians* and [3] location where documents are *created and maintained*." *In re Google LLC*, 2021 WL 5292267, at *2 (Fed. Cir. Nov. 15, 2021) (cleaned up, emphasis added). What's more, "*In re Planned Parenthood* indicates a shift in the analysis of this factor [as] [t]he Fifth Circuit has recently . . . concluded that this factor is neutral because electronic evidence is equally accessible in either forum." *See SVV Tech. Innovations, Inc. v. Acer Inc.*, 2023 WL 2764765, *6 (W.D. Tex. Apr. 3, 2023) (citation omitted) (analyzing tension between Federal Circuit decisions like *In re Apple* (cited by SAP) and recent Fifth Circuit case law). Here, in a footnote, SAP concedes that it "stores and maintains documents relating to the design and development of the Accused Products in Germany and India," *see* Tr. Br at 8, n.3, and that most relevant custodians are in Germany and India. Tr. Br. at 3. Nor has SAP identified any servers that it owns or controls in Texas in response to Valtrus's document requests. ████████████

████  Nevertheless, SAP tries to shoehorn this factor in its favor by flagging that electronic records ██████████████████████ Tr. Br. at 7-9. But no case cited by SAP holds that the mere fact that a defendant is *capable of accessing* electronic evidence in a transferee forum supports transfer. *See* Tr. Br. at 7-9. ████████████████

██████████████████████████████████████

**HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY**

In discussing PPS, SAP (incorrectly) speculates that "all of Valtrus's documents are either located or accessible via [PPS]," and that PPS's documents "are exclusively located in the Sherman Division." Tr. Br. at 8-9. SAP is wrong,[4] as most relevant documents in PPS's custody or control are managed by PPS employees located in New Jersey, Pennsylvania, and/or are hosted on third-party Microsoft servers (using SharePoint).  Kumar Decl. at ¶7.  Further, Valtrus controls its own documents (from Ireland) and possesses documents that PPS does not.  Quinlan Decl. at ¶¶8-9.

SAP also points to HPE and its satellite office in Plano.  But HPE's worldwide headquarters is in Spring, TX (closer to Marshall than to Sherman), and it stands to reason that any relevant evidence from HPE is likely stored and created there.  Ex. K (HPE HQ); Ex. L (HPE to Marshall).

Under *In re Google* and *SVV Technology* this factor is properly neutral.

> **2.      *Private Factor 2: The Availability of Compulsory Process Weighs Against Transfer***

SAP argues that this factor weighs in favor of transfer because a Mr. "Philip Jones" resides closer to Sherman than Marshall.  SAP further speculates that certain unnamed former employees of SAP, HPE, and PPS may reside in the Sherman Division.  Tr. Br. at 12.

As a threshold matter, the compulsory process factor "receives less weight when **it has not been alleged or shown** that any witness would be unwilling to testify."  *See Planned Parenthood*, 52 F.4th at 630-631 (emphasis added).  But SAP's basis for considering these witnesses to be unwilling is unstated.  *See generally* Tr. Br. at 11-13.  Either way, SAP's argument fails, as SAP identifies no evidence that any purported convenience is either significant or "will actually materialize."  *In re Clarke*, 94 F.4th at 508.

---

[4] SAP points to things like "technical documents concerning the operation of the Accused Products" that are likely in PPS's possession. Tr. Br. at 9. But SAP is the relevant source for these documents, not PPS.

**HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY**

Starting with SAP's identification of "Philip Jones," it appears that SAP identified the wrong person.  SAP represents "Philip Jones" as a named inventor for the '409 patent and a current "senior consultant for HPE" residing in Georgetown, TX.  Tr. Br. at 12.  SAP cites a one-page LinkedIn profile of someone named "philip jones, senior consultant at HP."  But the inventor of the '409 is spelled "Phillip" (with two Ls). *See* Ex. M ('409 patent).  Accordingly, the Philip Jones identified by SAP does not appear to be a relevant witness.[5]

SAP's speculations about the existence of former employees of PPS, HPE, and SAP in the Sherman Division should not be credited.  *Def. Distributed*, 30 F.4th at 434 (5th Cir. 2022) ("[G]ood cause . . . requires an actual showing of the existence of relevant sources of proof, not merely an expression that some sources likely exist in the prospective forum.").  PPS has no former employees in or around the Sherman Division.  Kumar Decl. at ¶7.  And PPS's current employees are willing to testify if they are deemed to have relevant information, so their location should not matter under this factor.  *See id.* at ¶9; *see also Planned Parenthood*, 52 F.4th at 630–31.  As for potential former HPE and SAP employees, SAP doesn't identify any unwilling witnesses requiring a subpoena to attend trial.  *Moore v. Unit Tex. Drilling, LLC*, 2009 WL 10704741, at *3 (N.D. Tex. Nov. 17, 2009) ("[Compulsory process] is not to be based on hypothetical unwilling witnesses; a party seeking transfer must specifically identify unwilling witnesses."); *see also J2 Global Commc'ns, Inc. v. Protus IP Sols., Inc.*, 2008 WL 5378010, at *3 (E.D. Tex. Dec. 23, 2008).

In fact, two relevant third parties (HPE and AMD) maintain a substantial presence north of Houston, which is closer to Marshall than to Sherman.  *See* Ex. L (Google map comparison).  HPE is likely to be a relevant third-party with respect to numerous issues, including (1) conception and

---

[5] Furthermore, it appears that the cited LinkedIn profile is an automatically populated LinkedIn page by LinkedIn based on public data and not owned or operated by a "philip jones" at HPE.  *See* Ex. J to Mot. to Tr. at 20.

**HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY**

reduction to practice evidence; (2) SAP's "marking" defense, which specifically references the "predecessors in interest to the Patents in Suit," Dkt. No. 23 at p. 10; and (3) damages issues, including licenses, and any hypothetical negotiation taking place with HPE at the negotiation table.

Similarly, SAP asserts that AMD, a supplier of accused processors, is in Austin and therefore (marginally) closer to the Sherman Division. ████████████████████████ ████████████████████████████████████████████████ AMD also maintains an office in Spring, TX and can likely designate a corporate witness who could similarly attend trial in Marshall more easily. *See* Ex. N (AMD list of offices); Ex. S (Maps of AMD to courthouses).

Given SAP's failure to identify any unwilling witnesses near the Sherman Division and Valtrus's identification of HPE and AMD, this factor weighs against transfer.

### 3. Private Factor 3: The Convenience and Cost of Attendance for Willing Witnesses Slightly Weighs Against Transfer

This factor concerns the convenience of attending trial for willing witnesses. SAP weighs this factor in favor of transfer for three reasons (1) Messrs. Padakal and Tumu are in Plano; (2) the proximity of PPS employees to Sherman; and (3) the ability of SAP's out-of-state employees and Valtrus's foreign employee to travel to DFW airport and drive to Sherman.  Tr. Br. at 9-11.

████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████ But this factor concerns convenience for likely trial witnesses, a convenience benefit SAP can't claim without some effort to identify which of the 18 employees listed in Mr. Pandya's declaration are likely to be its fact or corporate representatives at trial.  *See Kajeet, Inc. v. Trend Micro, Inc.*, 2022 WL 126490, at *5 (W.D. Tex. Jan. 12, 2022) (refusing to perform a witness-counting exercise in the absence of any indication that those witnesses would be a fact or corporate witness).

█████████

**HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY**

With respect to Valtrus's trial witnesses, Valtrus's only likely trial witness is Angela Quinlan, who lives in Ireland.  *See* Quinlan Decl. at ¶2.  Valtrus does not consider Ms. Kumar or other PPS employees to be likely trial witnesses, but regardless they are willing to attend trial in Marshall. Quinlan Decl. at ¶11; Kumar Decl. at ¶9.  Furthermore, Messrs. Padakal or Tumu are unlikely to be trial witnesses, as venue discovery shows that they lack relevant information. ████

██ █████████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

████████████████████████████ Tellingly, SAP doesn't appear to have collected any documents from either of these employees (a requirement if they are custodians of relevant information). █████████████████████████████

SAP's motion also fails to mention the numerous engineers and potential trial witnesses in its Houston office, who could conveniently drive to Marshall, or those in Atlanta, who can take a 1.75-hour flight to Shreveport. For example, SAP employee Muhammad Alam appears to reside in the Atlanta area and is a Member of the Executive Board of SAP SE and knowledgeable about SAP's cloud-based business application portfolio. Ex. O at 2-4. █████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

██████ SAP employee Shashi (Reddy) M. resides in Atlanta and is a Chief Architect and previously a Director for S/4 HANA Cloud (an accused product). Ex. O at 5-7. ███████████

█████████████████████████████████████████████

███████ SAP employee Kevin Hester is in Woodstock, GA (in Atlanta) and is the COO of

**HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY**

SAP Ariba of North America.  Ex. O at 8-10.  SAP Ariba integrates with SAP HANA, meaning Mr. Hester will know about the importance of SAP Cloud Integration and SAP HANA (both accused products).  *Id.* Sara Mani is a Development Manager and a resident of Lawrenceville, GA (a suburb of Atlanta).  Ex. O at 12-13.  ███████████████████████████

███████████████████████████████████████████████████████████

██████████████  SAP employee Elizabeth Carrier is in Atlanta and is one of the top salespeople at SAP and likely highly knowledgeable about the value of the accused products and functionalities. *Id.* at O at 20-23.  SAP employee Tami Morrison is in Houston and has more than two decades of experience at SAP Labs, █████████████████████████████████ *Id.* at 14-15; ███████████████████  She is especially skilled in SAP HANA per her LinkedIn.  SAP employee Milena Mathyl is in Houston (but was formerly in Germany) and appears knowledgeable about SAP Cloud Integration and HANA (both accused). Ex. O at 16-18.

With respect to Ms. Quinlan in Ireland or SAP witnesses flying from India, Germany, Canada, or other far-away destinations, the Federal Circuit has "held that the '100-mile' rule should not be rigidly applied where witnesses . . . will be required to travel a significant distance no matter where they testify." *In re Apple, Inc.*, 979 F.3d 1332, 1341 (Fed. Cir. 2020) (cleaned up, citation omitted).  In other words, any additional inconvenience from flying to DFW and then driving to Marshall to stay at a hotel vs. flying to DFW then driving to or near Sherman to stay at a hotel is de minimis.  *See Athalonz LLC v. Under Armour, Inc*., 2023 WL 8809293, at *8 (E.D. Tex. Dec. 20, 2023) (courts shouldn't overweigh "travel inconvenience when the witnesses will be traveling a significant distance"); *see also VisionX Techs. v. Sony Grp.*, 2023 WL 3572898, at *2 (E.D. Tex. May 19, 2023) (finding willing witness factor neutral when most Sony witnesses had to travel internationally with only a few traveling from other states). This is particularly true with respect

**HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY**

to Ms. Quinlan given recent Fifth Circuit decisions clarifying that any speculative inconvenience of the plaintiff or its advisors has no bearing on the transfer analysis. *See In re Fort Worth*, 2024 WL 1976963, at *7 (Oldham, J. Concurring) ("the plaintiffs are the masters of the complaint . . . That characterization would mean very little if the travel costs of the plaintiffs' lawyers could be used to oppose the plaintiffs' own choice of venue." (cleaned up)).

Finally, Marshall is significantly cheaper than Plano in terms of cost of living (30% below the U.S. average for Marshall vs. 21% above the U.S. average for Plano), all of which would affect hotel and food costs for these witnesses. *Compare* Ex. P (Marshall costs), *with* Ex. Q (Plano costs); *see also Planned Parenthood*, 52 F.4th at 631 (not error for district court to consider lower costs in Amarillo vis-à-vis Austin in denying transfer); *see also VisionX*, 2023 WL 3572898, at *4 & n.1 (considering "cost of hotels, food, and related overnight expenses" in NDCA as compared to EDTX (citation omitted)). Accordingly, this factor slightly weighs against transfer.

### 4.     *Private Factor 4: Practical Problems Strongly Weigh Against Transfer*

SAP declares that "[t]his factor is neutral because this case is in its infancy." Tr. Br. at 13. But SAP again ignores the relevant law, which "considers all other practical problems that make trial of a case easy, expeditious, and inexpensive." *In re TikTok*, 85 F.4th at 362. This includes considerations like "judicial economy [and] duplicative suits involving the same or similar issues." *R2 Sols, LLC v. FedEx Corp. Servs., Inc.*, 2022 WL 2484539, at *4 (E.D. Tex. July 6, 2022), *vacated on other grounds*, 2022 WL 10887770 (Fed. Cir. Oct. 19, 2022).

Here, this factor strongly weighs against transfer.  Valtrus has six other cases pending before this Court, all concerning patents that it acquired from HPE in 2021.  *See* Quinlan Decl. at ¶6.  The Court has (or will shortly have) familiarity with many of Valtrus's patents.  One of Valtrus's asserted patents here (U.S. Patent No. 6,871,264) is also asserted in the pending Wireless

**HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY**

Carrier cases.  "[A] district court's experience with a patent in a prior litigation and the co-pendency of cases involving the same patent are permissible considerations in ruling on a motion to transfer venue." *In re EMC Corp.*, 501 F. App'x 973, 976 (Fed. Cir. 2013).  Transferring this case to the Sherman Division would require a new Judge to duplicate this Court's efforts on this patent (including claim construction), risking inconsistent rulings.  *See U.S. Ethernet Innovations, LLC v. Acer, Inc.*, 2010 WL 2771842, at *8 n.8 (E.D. Tex. July 13, 2010) (cleaned up) ("Two claim constructions on the same patent risk inconsistency, create greater uncertainty regarding the patent's scope").  For these reasons, this factor weighs strongly against transfer.

C.     **Public Interest Factors**

1.     ***Public Factor 1: The Court's Localized Interest Is Neutral***

SAP weighs this factor in favor of transfer for two reasons: (1) purportedly relevant employees of SAP, PPS, and HPE reside near the Sherman Division and (2) Ms. Kumar's pre-litigation calls with SAP employees in Pennsylvania and Germany while residing in Texas.

SAP's first stated reason is legally irrelevant. *See In re Clarke*, 94 F.4th at 511–13 (mere residency and presence in a venue does not alone constitute a local interest).  SAP also mischaracterizes the relevance of Ms. Kumar's pre-suit discussions because courts must analyze the "significant connections between a particular venue and the events that gave rise to a suit," not the parties' connections to the forum. *See In re TikTok*, 85 F.4th at 364 (cleaned up).  Thus, the mere location of SAP's witnesses and PPS cannot support local interest.  *Planned Parenthood,* 52 F.4th at 632 ("the defendants and the witnesses are located across the state and across the country. We agree that this is not the sort of localized case where the citizens of Austin have a greater 'stake' in the litigation than the citizens of Amarillo.").

13

FILED UNDER SEAL
**HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY**

SAP's characterization of Ms. Kumar's calls with SAP employees in Pennsylvania and Germany as relevant events also fails.  This is an infringement suit where the events that gave rise to this dispute are SAP's making, using, and selling of infringing products throughout the world, including the U.S.  *See In re Clarke*, 94 F.4th at 512 ("That an interest is highly diffuse (but not completely diffuse) only increases the chance it is regarded as equally important by citizens in both the transferor and transferee districts (thereby netting out to zero).").  Ms. Kumar's licensing and settlement discussions in no way *gave rise to this dispute.*  To the contrary, they attempted to *resolve* the dispute, which results from SAP's illegal use of Valtrus's patented technology.

Finally, SAP engages in substantial business in the Marshall Division, disclosing dozens of customers in the area during venue discovery.  ████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████  Thus, local interest does not support transfer, as this factor at most "net[s] out to zero." *See In re Clarke*, 94 F.4th at 512.

### 2.    *Public Factor 2: Court Congestion Weighs Against Transfer*

SAP considers this factor to be neutral given the substantially similar time-to-trial statistics for both Marshall and Sherman.  Tr. Br. at 14.  But "[t]his factor normally *weighs against* transfer when the case appears to be timely proceeding to trial before the transferee district."  *In re TikTok*, 85 F.4th at 363 (cleaned up, emphasis added).  This case is smoothly proceeding and set for trial on September 22, 2025.  Dkt. 30-1 at 1.  This factor weighs against transfer.

### 3.    *Public Factor 3: Familiarity of the Forum With Governing Law Weighs Against Transfer*

SAP argues that this factor is neutral.  Tr. Br. at 15.  Valtrus agrees.

---

█ ████████████████████████████████████████████████████
████████████████████████████████████████

**FILED UNDER SEAL**
**HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY**

### 4. *Public Factor 4: Conflict of Law Weighs Against Transfer*

The last public interest factor addresses "unnecessary problems of conflict of laws [or in] the application of foreign law." *In re Volkswagen*, 545 F.3d 304, 315 (5th Cir. 2008). SAP considers this factor as neutral. Tr. Br. at 15. But, as discussed above, given the overlapping '264 patent between this case and the Wireless Carrier cases, there is a substantial risk of conflicting rulings. *See U.S. Ethernet*, 2010 WL 2771842, at *8 n.8. There is also the risk of conflicting rulings with respect to patent ownership, marking, damages issues, and a host of other defenses that various Defendants (including SAP) have each raised. *See CXT Sys., Inc. v. Container Store, Inc.*, 2019 WL 1506015, at *4 (E.D. Tex. Apr. 5, 2019) ("Indeed, the Federal Circuit has recognized that the consideration of the interest of justice, which includes judicial economy, may be determinative to a particular transfer motion, even if the convenience of the parties and witnesses might call for a different result." (cleaned up, citations omitted)). Thus, this factor weighs against transfer.

## IV.     CONCLUSION

A summary of the relevant factors are below. SAP's motion should be denied.

| 1404(a) Private/Public Interest Factors | Assessment |
|---|---|
| Relative access to sources of proof | Neutral |
| Availability of compulsory process | Weighs against transfer |
| Cost of attendance for willing witnesses | Slightly weighs against transfer |
| All other practical problems | Weighs strongly against transfer |
| Local interest | Neutral |
| Court congestion | Weighs against transfer |
| Familiarity with the law | Neutral |
| Problems associated with conflict of law | Weighs against transfer |

**HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY**

Dated: May 31, 2024                         Respectfully submitted,

*/s/  Matthew  G.  Berkowitz  by  permission  Claire Abernathy Henry*
Matthew G. Berkowitz – LEAD ATTORNEY
Patrick Colsher
Navid. C. Bayar
Savannah H. Carnes
**Reichman Jorgensen Lehman & Feldberg LLP**
100 Marine Parkway, Suite 300
Redwood Shores, CA 94065
Tel: (650) 623-1401
mberkowitz@reichmanjorgensen.com
pcolsher@reichmanjorgensen.com
nbayar@reichmanjorgensen.com
scarnes@reichmanjorgensen.com

Philip J. Eklem
peklem@reichmanjorgensen.com
**Reichman Jorgensen Lehman & Feldberg LLP**
1909 K Street NW, Suite 800
Washington DC, 20006
Tel: (202) 894-7310

Khue V. Hoang
Reichman Jorgensen Lehman & Feldberg LLP
400 Madison Avenue, Suite 14D
New York, NY 10017
Tel: (212) 381-1965
khoang@reichmanjorgensen.com

*Of Counsel:*

Andrea L. Fair
Texas Bar No. 24078488
Claire Abernathy Henry
Texas State Bar No. 24053063
**WARD, SMITH & HILL, PLLC**
1507 Bill Owens Pkwy.
Longview, TX 75604
Tel: (903) 757-6400
andrea@wsfirm.com
claire@wsfirm.com

*Attorneys for Plaintiff*

16

**HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY**

**CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL**

The undersigned hereby certifies that pursuant to the protective order in the above-captioned case, this motion contains confidential information. Accordingly, this document is to be ███████████

/s/ *Claire Abernathy Henry*
Claire Abernathy Henry

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on May 31, 2024, all counsel of record who are deemed to have consented to electronic service are being with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

/s/ *Claire Abernathy Henry*
Claire Abernathy Henry

17