# EXHIBIT D

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| **VALTRUS INNOVATIONS LTD.,** | **Civil Action No. 2:24-cv-21** |
| **Plaintiff,** | |
| **vs.** | **JURY TRIAL DEMANDED** |
| **SAP AMERICA, INC. AND SAP SE,** | |
| **Defendants.** | |

## DEFENDANTS' INITIAL DISCLOSURES

Pursuant to Federal Rule of Civil Procedure 26(a)(1) and the Discovery Order (Dkt. No. 33), Defendants SAP America, Inc. and SAP SE (collectively, "SAP") makes the following initial disclosures based on the information reasonably available to SAP at this time.

SAP is continuing its investigation into relevant documents and witnesses and will, as necessary, disclose further documents and witnesses in a timely manner.  SAP reserves the right to supplement, revise, correct, clarify, or otherwise amend the information disclosed herein, consistent with the Federal Rules of Civil Procedure and any applicable orders of the court, including after SAP receives and reviews any applicable discovery or other information from third parties, other defendants, or from Plaintiff Valtrus Innovations Ltd. ("Valtrus").

By making these disclosures, SAP does not intend to waive any applicable privilege or work product protection and expressly reserves its right to object to the production of any of the information identified herein on those grounds.  SAP also reserves its right to object to the admissibility of any of the information disclosed below.  Subject to these reservations, SAP provides the following information:

**(a)**     **The correct names of the parties to the lawsuit.**

**RESPONSE:**

The correct name for the named defendants are SAP America, Inc. and SAP SE. On information and belief, the correct name for Plaintiff is Valtrus Innovations Ltd.

**(b)**     **The name, address, and telephone number of any potential parties.**

**RESPONSE:**

SAP is continuing its investigation into this issue and reserves the right to supplement this response and identify additional parties to the lawsuit. At this time, however, SAP is not aware of any potential parties to this lawsuit.

**(c)**     **The legal theories and, in general, the factual bases of the disclosing party's claims or defenses (the disclosing party need not marshal all evidence that may be offered at trial).**

**RESPONSE:**

SAP denies the allegations against it contained in Valtrus's Complaint for Patent Infringement (Dkt. No. 1).  SAP further contends that venue is inconvenient in this forum and that the case should be transferred to the Sherman Division of the Eastern District of Texas (Dkt. No. 22).  SAP further contends that Valtrus is not entitled to recover any damages or other relief from SAP for the reasons set forth below (which are subject to and presented without waiver of any defenses and/or counterclaims that SAP may present in any amended answer in this action).

**Non-infringement**

SAP does not infringe and has not infringed, under any theory of infringement (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)), any valid, enforceable claim of the alleged Patents in Suit.

**Invalidity**

2

Each asserted claim of the Patents in Suit is invalid for failure to comply with one or more of the requirements of United States Code title 35—including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112—and the rules, regulations, and laws pertaining thereto.

**Limitations On Damages Pursuant to 35 U.S.C. § 286**

Valtrus claims for damages are limited in time by 35 U.S.C. § 286. To the extent that Valtrus seeks damages, or seeks to assert any right more than six years prior to filing suit, Valtrus's claims for damages based on the patents-in-suit would be barred by the applicable statute of limitations and other limitations.

**Limitations On Damages Pursuant to 35 U.S.C. § 287**

To the extent that Valtrus and alleged predecessors in interest to the Patents in Suit, and their respective licensees, failed to properly mark any of their relevant products as required by 35 U.S.C. § 287 or otherwise give proper notice that SAP's actions allegedly infringed the Patents in Suit, SAP is not liable to Valtrus for the acts alleged to have been performed before it received actual notice that it was allegedly infringing the Patents in Suit. Accordingly, upon information and belief, Valtrus's claims for recovery of alleged damages may be limited by 35 U.S.C. § 287.  In addition, upon information and belief, Valtrus's claims for recovery of alleged damages are limited by 35 U.S.C. § 286, and Valtrus is barred from recovering costs in connection with this action under 35 U.S.C. § 28.

**Lack of Sufficient Knowledge**

To the extent that Valtrus asserts that SAP indirectly infringes, either by contributory infringement or inducement of infringement, SAP is not liable to Valtrus for

the acts alleged to have been performed before SAP knew that its actions would allegedly cause indirect infringement.

**No Enhanced Damages Pursuant to 35 U.S.C. § 285**

There is no basis in law or in fact for Valtrus's claim for enhanced damages and accordingly, any award of fees, costs, or enhanced damages should be denied.

**Exceptional Case Finding Pursuant to 35 U.S.C. § 285**

Valtrus's infringement allegations against SAP are objectively baseless. The allegedly infringing products cannot possibly infringe the asserted claims of the patents-in-suit. Accordingly, SAP is entitled to its attorneys' fees and costs in this matter.

**Limited Claim Scope**

The claims of the Patents in Suit are not entitled to a scope sufficient to encompass any system employed or process practiced by SAP.

**No Injunctive Relief**

Valtrus is not entitled to injunctive relief because any alleged injury to Valtrus is not immediate or irreparable and because Valtrus has an adequate remedy—if any—at law

**Prosecution History Estoppel and/or Disclaimer**

Valtrus's claims are barred in whole or in part by prosecution-history estoppel and/or prosecution-history disclaimer.

**License, Release and/or Patent Exhaustion**

On information and belief, Valtrus's claims are barred, at least in part, by the existence of licenses (whether express or implied) or releases between Valtrus and potential customers of SAP.

**Equitable Defenses**

On information and belief, Valtrus's claims are barred, in whole or in part, by equitable doctrines including the doctrines of waiver, laches, acquiescence, unclean hands, and/or equitable estoppel.

**Government Use**

Valtrus's claims are barred, at least in part, by 28 U.S.C. §1498.  To the extent that Valtrus's claims relate to the sale and/or use or manufacture by or for the United States government of the allegedly infringing products, Valtrus's sole remedy is an action for damages filed in the United States Court of Federal Claims pursuant to 28 U.S.C. §1498.

**(d)     The name, address, and telephone number of persons having knowledge of relevant facts, a brief statement of each identified person's connection with the case, and a brief, fair summary of the substance of the information known by such person.**

**RESPONSE:**

SAP believes—at this time—the following individuals may have knowledge of relevant facts.  These individuals are identified based upon SAP's current understanding of the lawsuit, and SAP expressly reserves the right to supplement, limit, or otherwise amend the list below as the case progresses.  Any employee of SAP that is listed in these disclosures, or in any supplement thereto, may only be contacted through SAP's counsel of record.

| NAME | LAST KNOWN CONTACT INFORMATION | BRIEF SUMMARY OF INFORMATION BELIEVED TO BE KNOWN BY SUCH PERSON |
|---|---|---|
| ███████ | ███ ██ | ████████████████ |
| | ███████████ | ███████████ |
| ███████ | ███ ██ | ███████████ █ |
| ████ | ███████████ | ███████████ |
| | ███ | |

| NAME | LAST KNOWN CONTACT INFORMATION | BRIEF SUMMARY OF INFORMATION BELIEVED TO BE KNOWN BY SUCH PERSON |
|---|---|---|
| ██████ | ██ ██ ████ | ████████████ |
| ██████ | ██ ██ | ████████████ |
| ██████ | ██ ██ | ████████████ |
| ████████ | ██ ██ | ████████████ |
| ██████ | ██ ██ | ████████████ |
| █████ | ██ ██ | ████████████ |
| ██████ | ██ ██ | █████████████ |
| ██████ | ██ ██ | ████████████ |
| █████ | ██ ██ | ████████████ |
| ██████ | ██ ██ | ████████████ |
| ██████ | ██ ██ | █████████████ |
| Angela Quinlan | May be contacted through counsel for Valtrus | Believed to have information related to the patents-in-suit, the purported invention claimed in the patents-in-suit, assignment of the patents-in-suit, valuation of the patents-in-suit, prior art and/or public use, sale or offer for sale of the purported inventions before the priority dates of the patents-in-suit, noninfringement of the patents-in-suit, and any attempts to enforce, practice or license the patents-in-suit. |

| NAME | LAST KNOWN CONTACT INFORMATION | BRIEF SUMMARY OF INFORMATION BELIEVED TO BE KNOWN BY SUCH PERSON |
|---|---|---|
| Anthony Grillo | May be contacted through counsel for Valtrus | Believed to have information related to the patents-in-suit, the purported invention claimed in the patents-in-suit, assignment of the patents-in-suit, valuation of the patents-in-suit, prior art and/or public use, sale or offer for sale of the purported inventions before the priority dates of the patents-in-suit, noninfringement of the patents-in-suit, and any attempts to enforce, practice or license the patents-in-suit. |
| Corporate Representative for Valtrus | May be contacted through counsel for Valtrus | Believed to have information related to the patents-in-suit, the purported invention claimed in the patents-in-suit, assignment of the patents-in-suit, valuation of the patents-in-suit, prior art and/or public use, sale or offer for sale of the purported inventions before the priority dates of the patents-in-suit, noninfringement of the patents-in-suit, and any attempts to enforce, practice or license the patents-in-suit. |
| Kapu Kumar | Patent Platform Services 460 Warren Parkway, Suite 100, Frisco, Texas 75034 | Believed to have information related to the patents-in-suit, the purported invention claimed in the patents-in-suit, assignment of the patents-in-suit, valuation of the patents-in-suit, prior art and/or public use, sale or offer for sale of the purported inventions before the priority dates of the patents-in-suit, noninfringement of the patents-in-suit, and any attempts to enforce, practice or license the patents-in-suit. |
| Corporate Representative for Patent Platform Services | Patent Platform Services 460 Warren Parkway, Suite 100, Frisco, Texas 75034 | Believed to have information related to the patents-in-suit, the purported invention claimed in the patents-in-suit, assignment of the patents-in-suit, valuation of the patents-in-suit, prior art and/or public use, sale or offer for sale of the purported inventions before the priority dates of the patents-in-suit, noninfringement of the patents-in-suit, and any attempts to enforce, practice or license the patents-in-suit. |

| NAME | LAST KNOWN CONTACT INFORMATION | BRIEF SUMMARY OF INFORMATION BELIEVED TO BE KNOWN BY SUCH PERSON |
|------|-------------------------------|----------------------------------------------------------------|
| Corporate Representative for Hewlett Packard Enterprises | 1701 E Mossy Oaks Rd., Spring, TX 77389 | Believed to have information related to the patents-in-suit, prosecution of the patents-in-suit, prior art, conception and reduction to practice of the purported invention claimed in the patents-in-suit and potentially the following: assignment of the patents-in-suit, valuation of the patents-in-suit, prior art and/or public use, sale or offer for sale of the purported inventions before the priority dates of the patents-in-suit, noninfringement of the patents-in-suit, and any attempts to enforce, practice or license the patents-in-suit. |
| Corporate Representative for Allied Security Trust | 100 Overlook Center, 2nd Floor Princeton, NJ 08540 | Believed to have information related to the patents-in-suit, assignment of the patents-in-suit, valuation of the patents-in-suit, and any attempts to enforce, practice or license the patents-in-suit. |
| Corporate Representative for RPX Corporation | Four Embarcadero Center Suite 4000 San Francisco, CA 94111 | Believed to have information related to the patents-in-suit, assignment of the patents-in-suit, valuation of the patents-in-suit, and any attempts to enforce, practice or license the patents-in-suit. |
| Philip M. Jones | On information and belief at the last known residence of: 223 Wind Ridge CV, Georgetown, TX 78628 | Listed as an inventor on one or more of the patents-in-suit; believed to have information related to the patents-in-suit, prosecution of the patents-in-suit, prior art, conception and reduction to practice of the purported invention claimed in the patents-in-suit and potentially the following: assignment of the patents-in-suit, valuation of the patents-in-suit, prior art and/or public use, sale or offer for sale of the purported inventions before the priority dates of the patents-in-suit, noninfringement of the patents-in-suit, and any attempts to enforce, practice or license the patents-in-suit. |

| NAME | LAST KNOWN CONTACT INFORMATION | BRIEF SUMMARY OF INFORMATION BELIEVED TO BE KNOWN BY SUCH PERSON |
|---|---|---|
| Paul B. Rawlins | On information and belief at the last known residence of:<br><br>1700 Carrington Park Cir APT 201, Morrisville, NC 27560 | Listed as an inventor on one or more of the patents-in-suit; believed to have information related to the patents-in-suit, prosecution of the patents-in-suit, prior art, conception and reduction to practice of the purported invention claimed in the patents-in-suit and potentially the following:  assignment of the patents-in-suit, valuation of the patents-in-suit, prior art and/or public use, sale or offer for sale of the purported inventions before the priority dates of the patents-in-suit, noninfringement of the patents-in-suit, and any attempts to enforce, practice or license the patents-in-suit. |
| Blaine D. Gaither | On information and belief at the last known residence of:<br><br>6957 Red Forest Ln, Nampa, ID 83686 | Listed as an inventor on one or more of the patents-in-suit; believed to have information related to the patents-in-suit, prosecution of the patents-in-suit, prior art, conception and reduction to practice of the purported invention claimed in the patents-in-suit and potentially the following:  assignment of the patents-in-suit, valuation of the patents-in-suit, prior art and/or public use, sale or offer for sale of the purported inventions before the priority dates of the patents-in-suit, noninfringement of the patents-in-suit, and any attempts to enforce, practice or license the patents-in-suit. |
| Bret A. McKee | On information and belief at the last known residence of:<br><br>121 Sunny Ln, Santa Cruz, CA 95065 | Listed as an inventor on one or more of the patents-in-suit; believed to have information related to the patents-in-suit, prosecution of the patents-in-suit, prior art, conception and reduction to practice of the purported invention claimed in the patents-in-suit and potentially the following:  assignment of the patents-in-suit, valuation of the patents-in-suit, prior art and/or public use, sale or offer for sale of the purported inventions before the priority dates of the patents-in-suit, noninfringement of the patents-in-suit, and any attempts to enforce, practice or license the patents-in-suit. |

| NAME | LAST KNOWN CONTACT INFORMATION | BRIEF SUMMARY OF INFORMATION BELIEVED TO BE KNOWN BY SUCH PERSON |
|---|---|---|
| Minwen Ji | On information and belief at the last known residence of:<br><br>858 Ames Ave, Palo Alto, CA 94303 | Listed as an inventor on one or more of the patents-in-suit; believed to have information related to the patents-in-suit, prosecution of the patents-in-suit, prior art, conception and reduction to practice of the purported invention claimed in the patents-in-suit and potentially the following:  assignment of the patents-in-suit, valuation of the patents-in-suit, prior art and/or public use, sale or offer for sale of the purported inventions before the priority dates of the patents-in-suit, noninfringement of the patents-in-suit, and any attempts to enforce, practice or license the patents-in-suit. |
| Alistair Veitch | On information and belief at the last known residence of:<br><br>2420 Whitney Dr., Mountain View, CA 94043 | Listed as an inventor on one or more of the patents-in-suit; believed to have information related to the patents-in-suit, prosecution of the patents-in-suit, prior art, conception and reduction to practice of the purported invention claimed in the patents-in-suit and potentially the following:  assignment of the patents-in-suit, valuation of the patents-in-suit, prior art and/or public use, sale or offer for sale of the purported inventions before the priority dates of the patents-in-suit, noninfringement of the patents-in-suit, and any attempts to enforce, practice or license the patents-in-suit. |
| John Wilkes | On information and belief at the last known residence of:<br><br>3788 Park Blvd., Palo Alto, CA 94306 | Listed as an inventor on one or more of the patents-in-suit; believed to have information related to the patents-in-suit, prosecution of the patents-in-suit, prior art, conception and reduction to practice of the purported invention claimed in the patents-in-suit and potentially the following:  assignment of the patents-in-suit, valuation of the patents-in-suit, prior art and/or public use, sale or offer for sale of the purported inventions before the priority dates of the patents-in-suit, noninfringement of the patents-in-suit, and any attempts to enforce, practice or license the patents-in-suit. |

| NAME | LAST KNOWN CONTACT INFORMATION | BRIEF SUMMARY OF INFORMATION BELIEVED TO BE KNOWN BY SUCH PERSON |
|---|---|---|
| Steven R. Carr | On information and belief at the last known residence of:<br><br>3115 Terra Cotta Ct., San Jose, CA 95135 | Listed as an inventor on one or more of the patents-in-suit; believed to have information related to the patents-in-suit, prosecution of the patents-in-suit, prior art, conception and reduction to practice of the purported invention claimed in the patents-in-suit and potentially the following:  assignment of the patents-in-suit, valuation of the patents-in-suit, prior art and/or public use, sale or offer for sale of the purported inventions before the priority dates of the patents-in-suit, noninfringement of the patents-in-suit, and any attempts to enforce, practice or license the patents-in-suit. |
| Venkatakrishnan Muthuswamy | On information and belief at the last known residence of:<br><br>3019 Goodacre Ct, San Jose, CA 95125 | Listed as an inventor on one or more of the patents-in-suit; believed to have information related to the patents-in-suit, prosecution of the patents-in-suit, prior art, conception and reduction to practice of the purported invention claimed in the patents-in-suit and potentially the following:  assignment of the patents-in-suit, valuation of the patents-in-suit, prior art and/or public use, sale or offer for sale of the purported inventions before the priority dates of the patents-in-suit, noninfringement of the patents-in-suit, and any attempts to enforce, practice or license the patents-in-suit. |
| Tudor Har | On information and belief at the last known residence of:<br><br>2541 South Park Lane, Santa Clara, CA 95051 | Listed as an inventor on one or more of the patents-in-suit; believed to have information related to the patents-in-suit, prosecution of the patents-in-suit, prior art, conception and reduction to practice of the purported invention claimed in the patents-in-suit and potentially the following:  assignment of the patents-in-suit, valuation of the patents-in-suit, prior art and/or public use, sale or offer for sale of the purported inventions before the priority dates of the patents-in-suit, noninfringement of the patents-in-suit, and any attempts to enforce, practice or license the patents-in-suit. |

| NAME | LAST KNOWN CONTACT INFORMATION | BRIEF SUMMARY OF INFORMATION BELIEVED TO BE KNOWN BY SUCH PERSON |
|---|---|---|
| Shivaji Ganesh | On information and belief at the last known residence of:<br><br>1848 Wellington Drive, Milpitas, CA 95035 | Listed as an inventor on one or more of the patents-in-suit; believed to have information related to the patents-in-suit, prosecution of the patents-in-suit, prior art, conception and reduction to practice of the purported invention claimed in the patents-in-suit and potentially the following: assignment of the patents-in-suit, valuation of the patents-in-suit, prior art and/or public use, sale or offer for sale of the purported inventions before the priority dates of the patents-in-suit, noninfringement of the patents-in-suit, and any attempts to enforce, practice or license the patents-in-suit. |
| Ramesh Kavanappillil | On information and belief at the last known residence of:<br><br>1110 Prescott Ave, Sunnyvale, CA 94089 | Listed as an inventor on one or more of the patents-in-suit; believed to have information related to the patents-in-suit, prosecution of the patents-in-suit, prior art, conception and reduction to practice of the purported invention claimed in the patents-in-suit and potentially the following: assignment of the patents-in-suit, valuation of the patents-in-suit, prior art and/or public use, sale or offer for sale of the purported inventions before the priority dates of the patents-in-suit, noninfringement of the patents-in-suit, and any attempts to enforce, practice or license the patents-in-suit. |
| Sebastien Bouat | Unknown. On information and belief, potentially in Crolles, France. | Listed as an inventor on one or more of the patents-in-suit; believed to have information related to the patents-in-suit, prosecution of the patents-in-suit, prior art, conception and reduction to practice of the purported invention claimed in the patents-in-suit and potentially the following: assignment of the patents-in-suit, valuation of the patents-in-suit, prior art and/or public use, sale or offer for sale of the purported inventions before the priority dates of the patents-in-suit, noninfringement of the patents-in-suit, and any attempts to enforce, practice or license the patents-in-suit. |

| NAME | LAST KNOWN CONTACT INFORMATION | BRIEF SUMMARY OF INFORMATION BELIEVED TO BE KNOWN BY SUCH PERSON |
|---|---|---|
| Donald C. Soltis, Jr. | On information and belief at the last known residence of:<br><br>6669 Clovis Ct, Timnath, CO 80547 | Listed as an inventor on one or more of the patents-in-suit; believed to have information related to the patents-in-suit, prosecution of the patents-in-suit, prior art, conception and reduction to practice of the purported invention claimed in the patents-in-suit and potentially the following:  assignment of the patents-in-suit, valuation of the patents-in-suit, prior art and/or public use, sale or offer for sale of the purported inventions before the priority dates of the patents-in-suit, noninfringement of the patents-in-suit, and any attempts to enforce, practice or license the patents-in-suit. |
| Prosecuting patent attorneys, patent agents, and declarants who were involved in or signed documents associated with the prosecutions of the patents-in-suit, and related patents, including but not limited to:<br>• Steven Perry | On information and belief at the last known workplace of,<br><br>Thorpe, North & Western LLP<br>8180 South 700 East, Suite 350<br>Sandy, Utah 84070 | Believed to have information related to one or more of the patents-in-suit, prosecution of the patents-in-suit, prior art, and potentially the following:  assignment of the patents-in-suit, valuation of the patents-in-suit, and any attempts to license the patents-in-suit. |
| Prosecuting patent attorneys, patent agents, and declarants who were involved in or signed documents associated with the prosecutions of the patents-in-suit, and related patents, including but not limited to:<br>• Daniel Roberts | Upon information and belief:<br><br>Lathrop & Gage LLC<br>4845 Pearl East Circle, Suite 300<br>Boulder, CO 80301 | Believed to have information related to one or more of the patents-in-suit, prosecution of the patents-in-suit, prior art, and potentially the following:  assignment of the patents-in-suit, valuation of the patents-in-suit, and any attempts to license the patents-in-suit. |

| NAME | LAST KNOWN CONTACT INFORMATION | BRIEF SUMMARY OF INFORMATION BELIEVED TO BE KNOWN BY SUCH PERSON |
|---|---|---|
| Prosecuting patent attorneys, patent agents, and declarants who were involved in or signed documents associated with the prosecutions of the patents-in-suit, and related patents, including but not limited to:<br>• Robert Bergstrom<br>• David Plettner | Upon information and belief:<br><br>Olympic Patent Works PLLC PO Box 4277, Seattle, WA 98194 | Believed to have information related to one or more of the patents-in-suit, prosecution of the patents-in-suit, prior art, and potentially the following: assignment of the patents-in-suit, valuation of the patents-in-suit, and any attempts to license the patents-in-suit. |
| Prosecuting patent attorneys, patent agents, and declarants who were involved in or signed documents associated with the prosecutions of the patents-in-suit, and related patents, including but not limited to:<br>• Peter Knops | Upon information and belief:<br><br>Lathrop & Gage LLC 2345 Grand Blvd., Suite 2800, Kansas City, MO 64108 | Believed to have information related to one or more of the patents-in-suit, prosecution of the patents-in-suit, prior art, and potentially the following: assignment of the patents-in-suit, valuation of the patents-in-suit, and any attempts to license the patents-in-suit. |
| Prosecuting patent attorneys, patent agents, and declarants who were involved in or signed documents associated with the prosecutions of the patents-in-suit, and related patents, including but not limited to:<br>• Brett Knight<br>• Robert Manware | Upon information and belief:<br><br>Fletcher, Yoder & Van Someren PO Box 692289 Houston, TX 77269 | Believed to have information related to one or more of the patents-in-suit, prosecution of the patents-in-suit, prior art, and potentially the following: assignment of the patents-in-suit, valuation of the patents-in-suit, and any attempts to license the patents-in-suit. |

| NAME | LAST KNOWN CONTACT INFORMATION | BRIEF SUMMARY OF INFORMATION BELIEVED TO BE KNOWN BY SUCH PERSON |
|---|---|---|
| Prosecuting patent attorneys, patent agents, and declarants who were involved in or signed documents associated with the prosecutions of the patents-in-suit, and related patents, including but not limited to:<br>• Robert Berg | Upon information and belief:<br><br>Ladas & Parry<br>5670 Wilshire Blvd., Ste. 2100, Los Angeles, CA 90036 | Believed to have information related to one or more of the patents-in-suit, prosecution of the patents-in-suit, prior art, and potentially the following:  assignment of the patents-in-suit, valuation of the patents-in-suit, and any attempts to license the patents-in-suit. |
| Prosecuting patent attorneys, patent agents, and declarants who were involved in or signed documents associated with the prosecutions of the patents-in-suit, and related patents, including but not limited to:<br>• David Wilson | Upon information and belief:<br><br>Conley Rose PC | Believed to have information related to one or more of the patents-in-suit, prosecution of the patents-in-suit, prior art, and potentially the following:  assignment of the patents-in-suit, valuation of the patents-in-suit, and any attempts to license the patents-in-suit. |
| Prosecuting patent attorneys, patent agents, and declarants who were involved in or signed documents associated with the prosecutions of the patents-in-suit, and related patents, including but not limited to:<br>• Ken Koestner | Upon information and belief:<br><br>Constellation Law Group<br>P.O. Box 580<br>Tracyton, WA 98393 | Believed to have information related to one or more of the patents-in-suit, prosecution of the patents-in-suit, prior art, and potentially the following:  assignment of the patents-in-suit, valuation of the patents-in-suit, and any attempts to license the patents-in-suit. |

| NAME | LAST KNOWN CONTACT INFORMATION | BRIEF SUMMARY OF INFORMATION BELIEVED TO BE KNOWN BY SUCH PERSON |
|---|---|---|
| Previous assignees, assignors and/or assignment correspondents relating to the patents-in-suit, and related patents, including but not limited to:<br>• Hewlett-Packard Company<br>• Hewlett-Packard Development Company LP<br>• Hewlett Packard Enterprise Development LP<br>• Compaq Information Technologies Group, LP | Upon information and belief:<br><br>1145 Compaq Center Drive West, Houston, TX 77070 | Believed to have information related to one or more of the patents-in-suit and the purported assignment and purported transfer of rights of the patents-in-suit. |
| Previous assignees, assignors and/or assignment correspondents relating to the patents-in-suit, and related patents, including but not limited to:<br>• OT Patent Escrow | Upon information and belief:<br><br>200 West Madison, 37th Floor, Chicago, IL 60606 | Believed to have information related to one or more of the patents-in-suit and the purported assignment and purported transfer of rights of the patents-in-suit. |

In addition to the above-listed individuals, SAP incorporates by reference the individuals disclosed by any other party to this case as if fully set forth herein.

16

    **(e)**    **Any indemnity and insuring agreements under which any person or entity may be liable to satisfy part or all of a judgment entered in this action or to indemnify or reimburse for payments made to satisfy the judgment.**

**RESPONSE:**

    At this time, SAP is not currently aware of the existence of any insurance or indemnity agreements under which any person or entity carrying may be liable to satisfy part or all of a judgment entered in this action against SAP or to indemnify or reimburse for payments made to satisfy the judgment against SAP.

    SAP further reserves the right to amend or supplement this response in the future.

    **(f)**    **Any settlement agreements relevant to the subject matter of this action.**

**RESPONSE:**

    At this time, SAP is not currently aware of any settlement agreements relevant to this case other than those disclosed by Valtrus.

    **(g)**    **Any statement of any party to the litigation.**

**RESPONSE:**

    Beyond those statements already made part of the record in this case, SAP, at this time, is not currently aware of any statement by any party to the litigation.  SAP is continuing its investigation into this issue and reserves the right to supplement this response in the future.

DATED: April 15, 2024               Respectfully submitted,

                                */s/ Michael A. Bittner*
                                Thomas M. Melsheimer
                                State Bar No. 13922550
                                tmelsheimer@winston.com
                                M. Brett Johnson
                                State Bar No. 00790975
                                mbjohnson@winston.com

Michael A. Bittner
State Bar No. 24064905
mbittner@winston.com
Patrick Clark
Texas Bar No. 24115706
PClark@winston.com
**WINSTON & STRAWN LLP**
2121 N. Pearl St., 9th Floor
Dallas, TX 75201
Telephone: (214) 453-6500

**ATTORNEYS FOR**
**SAP AMERICA, INC. and SAP SE**

## <u>CERTIFICATE OF SERVICE</u>

      I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  Therefore, this document was served on all counsel who are deemed to have consented to electronic service.  Local Rule CV-5(a)(3)(A).  Pursuant to Federal Rule of Civil Procedure 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email.

/s/ <i>Michael A. Bittner</i>
Michael A. Bittner
