IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **VALTRUS INNOVATIONS LTD.,** <br><br> Plaintiff, <br><br> vs. <br><br> **SAP AMERICA, INC. AND SAP SE,** <br><br> Defendants. | Civil Action No. 2:24-cv-21 <br><br> **JURY TRIAL DEMANDED** <br> **[FILED UNDER SEAL]** |

**DEFENDANTS SAP AMERICA, INC. AND SAP SE'S REPLY BRIEF IN SUPPORT OF
THEIR MOTION FOR INTRA-DISTRICT TRANSFER UNDER 28 U.S.C. § 1404(a)**

## **TABLE OF CONTENTS**

**Page**

| | | |
|---|---|---|
| I. | EVISION IS MORE EASILY ACCESSIBLE IN THE SHERMAN DIVISION | 1 |
| II. | WITNESSES ARE WITHIN THE SHERMAN DIVISION'S SUBPOENA POWER | 2 |
| III. | WILLING WITNESSES RESIDE IN THE SHERMAN DIVISION | 3 |
| IV. | THERE ARE NO PRACTICAL PROBLEMS | 3 |
| V. | ONLY THE SHERMAN DIVISION HAS A LOCALIZED INTEREST | 4 |
| VI. | THERE IS NO COURT CONGESTION | 5 |
| VII. | THERE ARE NO UNNECESSARY PROBLEMS OF CONFLICTS OF LAW | 5 |

i

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Athalonz LLC v. Under Armour, Inc.*,
   2023 WL 8809293 (E.D. Tex. Dec. 20, 2023)...........................................................................3

*CXT Sys., Inc. v. Container Store, Inc.*,
   2019 WL 1506015 (E.D. Tex. Apr. 5, 2019)..............................................................................5

*In re EMC Corp.*,
   501 F. App'x 973 (Fed. Cir. 2013) ............................................................................................4

*Farmobile LLC v. Farmers Edge Inc.*,
   2022 WL 2653893 (E.D. Tex. July 7, 2022) .........................................................................2, 5

*In re Google LLC*,
   2021 WL 5292267 (Fed. Cir. Nov. 15, 2021)............................................................................1

*In re Hoffmann-La Roche Inc.*,
   587 F.3d 1333 (Fed. Cir. 2009).................................................................................................4

*In re Juniper Networks, Inc.*,
   14 F.4th 1313 (Fed. Cir. 2021) .................................................................................................2

*In re Planned Parenthood Fed'n of Am., Inc.*,
   52 F.4th 625 (5th Cir. 2022) .................................................................................................1, 2

*In re Radmax, Ltd.*,
   720 F.3d 285 (5th Cir. 2013) ....................................................................................................1

*In re Samsung Elecs. Co.*,
   2 F.4th 1371 (Fed. Cir. 2021) ...............................................................................................3, 4

*SVV Tech. Innovations, Inc. v. Acer Inc.*,
   2023 WL 2764765 (W.D. Tex. Apr. 3, 2023).......................................................................1, 2

*In re TikTok*,
   85 F.4th 352 (5th Cir. 2023) .....................................................................................................5

*U.S. Ethernet Innovations, LLC v. Acer, Inc.*,
   2010 WL 2771842 (E.D. Tex. July 13, 2010) .......................................................................4, 5

*Valtrus Innovations Ltd. v. AT&T Inc.*,
   No. 2:23-CV-443-JRG (E.D. Tex. Sept. 27, 2023)...................................................................4

*Viking Techs., LLC v. Assurant, Inc.*,
   No. 2:20-CV-00357-JRG, 2021 WL 3520756 (E.D. Tex. June 21, 2021) ............................2, 5

**Statutes**

28 U.S.C. § 1404.............................................................................................................................5

35 U.S.C. § 271(a) ..........................................................................................................................3

**Other Authorities**

Fed. R. Civ. P. 45(c)(1)(A) ...........................................................................................................2

This case has no connection to the Marshall Division. Indeed, despite a costly venue discovery process, Valtrus remains unable to point to any witness or document in this Division. This failure underscores the absence of any genuine ties to the current forum. Conversely, the Sherman Division not only exhibits significant links to this case, but also houses pertinent witnesses and evidence. The proper inquiry is not whether the Sherman Division is the most convenient forum, but whether it is more convenient than this one. Valtrus's efforts to divert attention to other districts and blatantly misrepresent case law should be disregarded.

I.     EVIDENCE IS MORE EASILY ACCESSIBLE IN THE SHERMAN DIVISION

Valtrus approaches this factor from two angles, but both fail. First, Valtrus contorts case law to fit its position. In citing *In re Google LLC*, 2021 WL 5292267 (Fed. Cir. Nov. 15, 2021), Valtrus states that this factor concerns only three distinct considerations—"location of servers," "location of document custodians," and "where documents are created and maintained" to argue that access is not relevant when evidence is electronic. (Opp. (ECF 41) at 10). But *Google* says the opposite, holding that "[t]he district court erred by analyzing only the location of servers where documents are stored." 2021 WL 5292267, at *2. Indeed, that case explicitly states the true standard: "This factor concerns 'ease of *access* to sources of proof.'" *Id.*[1]

Plaintiff then cites *SVV Technology Innovations, Inc. v. Acer Inc.* (an out-of-district case) to argue that this factor should be neutral when evidence is electronic. 2023 WL 2764765, at *6 (W.D. Tex. Apr. 3, 2023) (citing *In re Planned Parenthood Fed'n of Am., Inc.*, 52 F.4th 625, 630 (5th Cir. 2022)). But Plaintiff misrepresents *Planned Parenthood* because it did *not* hold that "this factor is neutral because electronic evidence is equally accessible in either forum." (Opp. at 10). Rather, that case summarized the conclusions of the trial court and then merely noted those conclusions did not "constitute an abuse of discretion"—a very high degree of deference that did

---

[1] Valtrus improperly argues that "no case cited by SAP holds that the mere fact that a defendant is capable of accessing electronic evidence in a transferee forum supports transfer." (Opp. at 10). But SAP clearly quotes the underlying standard for this factor (a notable omission from Valtrus's Opposition): The question is "*relative* ease of access, not *absolute* ease of access." (Mot. (ECF 22) at 13) (*In re Radmax, Ltd.*, 720 F.3d 285, 288 (5th Cir. 2013) (emphasis in original)). And the standard itself is within the name of the factor "*relative* ease of access to sources of proof."

not warrant reversal. *Planned Parenthood*, 52 F.4th at 631. Valtrus also fails to acknowledge that "the Federal Circuit has held that it is an error to conclude this factor is neutral because electronic documents are easily accessible in both forums." *SVV*, 2023 WL 2764765, at *6. Attempting to reconcile Fifth and Federal Circuit precedents, *SVV* stated that "the location of physical evidence is more important to this analysis than the location of where electronic documents are typically accessed," *id.*, but it does not state (as Plaintiff suggests) that this factor is inherently neutral.

Second, because Valtrus cannot identify a single document that can be accessed from this Division,[2] it instead highlights other documents that may be more easily accessible from other locations. But the relevant inquiry requires "compar[ing] the relative convenience *between the venues*." *Farmobile LLC v. Farmers Edge Inc.*, 2022 WL 2653893, at *3 n.2 (E.D. Tex. July 7, 2022); *In re Juniper Networks, Inc.*, 14 F.4th 1313, 1321 (Fed. Cir. 2021) (holding that "some evidence is stored in places other than either the transferor or the transferee forum does not weigh against transfer."). Here, relevant documents are more easily accessible from the Sherman Division given the presence of SAP's and PPS's offices. And Ms. Kumar (who resides in the Sherman Division) can access and has accessed relevant documents. Accordingly, this factor favors transfer.

## II. WITNESSES ARE WITHIN THE SHERMAN DIVISION'S SUBPOENA POWER

Valtrus claims that this factor weighs against transfer but fails to identify a single unwilling witness (let alone a hypothetical presence of witnesses) within the Marshall Division. (Opp. at 13). Valtrus relies only on the location of HPE's and AMD's "presence north of Houston," but the only relevant consideration is a court's 100-mile subpoena power. FED. R. CIV. P. 45(c)(1)(A). Here, SAP identifies several relevant entities (SAP America, Inc., HPE, and PPS) located within the subpoena power of the Sherman Division, but no third-party witness or entity is within the Marshall Division's subpoena power. Exs. AB–AD; *see Viking Techs., LLC v. Assurant, Inc.*, 2021

---

[2] [redacted]

2

WL 3520756, at *4 (E.D. Tex. June 21, 2021) ("Although the [c]ourt has trial subpoena power over Texas residents in the Marshall Division, the Sherman Division's deposition subpoena power warrants slight weight in favor of transfer."). Simply put, considering the presence of multiple entities within the Sherman Division with likely third-party witnesses, "with nothing on the other side of the ledger," this factor weighs strongly in favor of transfer. *In re Samsung Elecs. Co.*, 2 F.4th 1371, 1379 (Fed. Cir. 2021).

## III. WILLING WITNESSES RESIDE IN THE SHERMAN DIVISION

Valtrus claims that this factor weighs against transfer but points to no willing witnesses within the Marshall Division while several reside within the Sherman Division. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Valtrus asserts that "they lack relevant knowledge," but such knowledge is relevant to the *use* of those products. (*See* ECF 1 ¶¶ 33–34); 35 U.S.C § 271(a). SAP also intends to call Ms. Kumar from PPS (Valtrus's main licensing agent) who is knowledgeable about Valtrus's licenses, which is a key consideration in both parties' damages calculations. (ECF 22-29 ¶¶ 4-7). Valtrus refers to numerous SAP employees in Atlanta and Houston but points to none in this Division. Even if they were relevant, travel from Atlanta or Houston is more convenient to the Sherman Division because several direct flights to DFW are available throughout the day; flights are more affordable (less than $100); DFW is closer to the Sherman courthouses than Shreveport is to this Division; and there are no direct flights to the Marshall Division. Exs. AE-AI. Finally, Valtrus quotes *Athalonz LLC v. Under Armour, Inc.* out of context to minimize the inconvenience to Ms. Angela Quinlan to travel to this Division, but the court held that that it "would be improper" to "have this Court discount the travel for all of [a party's] witnesses on the basis that those witnesses will need to travel regardless." 2023 WL 8809293, at *8 (E.D. Tex. Dec. 20, 2023). It will be more convenient for Ms. Quinlan to travel to either Sherman courthouse given its proximity to the DFW airport. Because willing witnesses reside only in the Sherman Division, this factor strongly favors transfer.

## IV. THERE ARE NO PRACTICAL PROBLEMS

3

This factor does not strongly weigh against transfer simply because one asserted patent overlaps with another pending case.³ While a court's prior familiarity with a patent is a relevant consideration, this Court has not considered the overlapping patent in *Valtrus Innovations Ltd. v. AT&T Inc.*, because, for example, no substantive motion practice has taken place, and the claim construction hearing is about six months away. No. 2:23-CV-443-JRG, ECF 79 at 4 (E.D. Tex. Sept. 27, 2023). Valtrus's caselaw supports this premise: "[T]ransfer is most appropriate when one court has extensive familiarity with the technology or the legal issues involved, a claim construction opinion has been prepared, and the cases involve the same or similar defendants with the same or similar products." *See U.S. Ethernet Innovations, LLC v. Acer, Inc.*, 2010 WL 2771842, at *6 (E.D. Tex. July 13, 2010). Indeed, these cases involve entirely different accused products, and it is "likely that these cases will result in significantly different discovery, evidence, proceedings, and trial." *In re Samsung*, 2 F.4th at 1380. Other procedures, such as MultiDistrict Litigation, are available if Valtrus seeks to pursue any purported efficiency, but one overlapping patent (by itself) cannot outweigh the other convenience factors. *Id.* This factor remains neutral.

## V.   ONLY THE SHERMAN DIVISION HAS A LOCALIZED INTEREST

Valtrus offers no evidence that there is any connection to this Division besides SAP's customers. But SAP also has customers throughout the Sherman Division and the entire country. "[T]he sale of an accused product offered nationwide does not give rise to a substantial interest in any single venue." *In re Hoffmann-La Roche Inc.*, 587 F.3d 1333, 1338 (Fed. Cir. 2009). Rather, the Sherman Division, is the epicenter of this case given that Valtrus availed itself of the transferee forum by enlisting PPS to assist or lead the negotiation, licensure, enforcement, and litigation of

---

³ Valtrus filed suit against AT&T, OnePlus, T-Mobile, and Verizon, which are consolidated under the AT&T action (No. 2:23-cv-443). The Court already dismissed AT&T, and Valtrus jointly requested a stay with OnePlus. (ECF 84, 88). Only T-Mobile and Verizon remain, and based on the docket, they may settle out as well. Only one consolidated case (2:23-cv-443) with one patent of overlap was filed before the instant case. Because this factor is measured at the time of this case's filing, all the other cases cited by Valtrus in its Opposition are irrelevant. (Opp. at 2 n.1); *See In re EMC Corp.*, 501 F. App'x 973, 976 (Fed. Cir. 2013) (holding that questions of judicial economy are decided on "the situation which existed when suit was instituted" and any subsequent familiarity a court gains "after the filing" of the present lawsuit does not weigh against transfer).

the Asserted Patents. (ECF 22-29 ¶¶ 4-7). Also, as Valtrus accuses SAP of infringement for the sale of SAP's products, point of sale occurs via SAP's Plano office, and no such sales occur by SAP employees or personnel in the Marshall Division as there is no such presence. Further, witnesses with relevant knowledge reside in the transferee division: Mr. Tumu, Mr. Padakal, and Ms. Kumar. Indeed, the overwhelming presence of relevant contacts, which give rise to this suit, are located in the Sherman Division, and none exist in this forum. This factor favors transfer. *Farmobile*, 2022 WL 2653893, at *6 (holding that this factor weighs in favor of transfer "where a movant has a local interest in the transferee venue and no presence in the transferor venue").

## VI.  THERE IS NO COURT CONGESTION

Valtrus cites *In re TikTok* to argue that "[t]his factor normally weighs against transfer when the case appears to be timely proceeding to trial before the transferee district." (Opp. at 18). But the progress of the case is relevant only when a party inexcusably delays filing its § 1404 motion. *In re TikTok*, 85 F.4th 352 (5th Cir. 2023). Here, SAP promptly filed this Motion at the outset of this case. (ECF 22). No timing issues presently exist, and this factor is neutral.

## VII.  THERE ARE NO UNNECESSARY PROBLEMS OF CONFLICTS OF LAW

This factor should be considered neutral. Valtrus wrongly imports considerations from the practical-problems factor, which, as already addressed, are irrelevant to the facts of this case under that factor. Further, Valtrus's cited cases considered the practical-problems and conflicts-of-law factors under *different standards*. *U.S. Ethernet* concluded that this factor is neutral because given that "[f]ederal patent laws are statutory and substantive decisions under these laws are reviewed by the Federal Circuit in all districts, there is no possibility of a conflict of laws issue." 2010 WL 2771842, at *9; *see also CXT Sys., Inc. v. Container Store, Inc.*, 2019 WL 1506015, at *5 (E.D. Tex. Apr. 5, 2019) (holding this factor as neutral with no substantive analysis). Both Divisions follow this District's precedent, and all patent cases are reviewable by the Federal Circuit.

"Trial in the Sherman Division is [c]learly [m]ore [c]onvenient." *Viking Techs.*, 2021 WL 3520756, at *4. Therefore, SAP requests that the Court transfer this case to the Sherman Division.

5

Dated: June 11, 2024          Respectfully submitted,

By: */s/ Thomas M. Melsheimer*
Thomas M. Melsheimer
State Bar No. 13922550
tmelsheimer@winston.com
M. Brett Johnson
State Bar No. 00790975
mbjohnson@winston.com
Michael A. Bittner
State Bar No. 24064905
mbittner@winston.com
**WINSTON & STRAWN LLP**
2121 N. Pearl St., 9th Floor
Dallas, TX 75201
Telephone: (214) 453-6500

**ATTORNEYS FOR**
**SAP AMERICA, INC. and SAP SE**

6

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document was served by email on all counsel of record via email on June 11, 2024.

*/s/ Thomas M. Melsheimer*
Thomas M. Melsheimer

## **CERTIFICATE OF AUTHORIZATION TO SEAL**

The undersigned hereby certifies that the foregoing document is authorized to be filed under seal pursuant to the Protective Order as this filing contains confidential information. (ECF 35).

*/s/ Thomas M. Melsheimer*
Thomas M. Melsheimer
