FILED UNDER SEAL
HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| **Valtrus Innovations Ltd.,** § <br><br> Plaintiff, § <br><br> v. § <br><br> **SAP America, Inc. and SAP, SE,** § <br><br> Defendants. § | | **CIVIL ACTION NO.** <br> **2:24-CV-00021-JRG** <br><br> **JURY TRIAL DEMANDED** |

**PLAINTIFF'S SUR-REPLY IN OPPOSITION TO DEFENDANTS' REPLY BRIEF IN
<u>SUPPORT OF THEIR MOTION FOR INTRA-DISTRICT TRANSFER</u>**

**FILED UNDER SEAL**
**HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY**

**TABLE OF CONTENTS**

**Page**

A.    **The Court Should Strike or Discredit Mr. Pandya's New Declaration on Reply** .... 1

B.    **The Relative Ease of Access to Sources of Proof is Neutral (Private Factor 1)** ........ 2

C.    **Availability of Compulsory Process Weighs Against Transfer (Private Factor 2)** ... 2

D.    **Trial Witness Convenience Slightly Weighs Against Transfer (Private Factor 3)** .... 3

E.    **Practical Problems Strongly Weigh Against Transfer (Private Factor 4)** .................. 4

F.    **The Court's Localized Interest Is Neutral (Public Factor 1)** ..................................... 5

G.    **Court Congestion Weighs Against Transfer (Public Factor 2)** ................................. 5

H.    **Conflict of Law Weighs Against Transfer (Public Factor 4)** ..................................... 5

**FILED UNDER SEAL**
**HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY**

## TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*In re Apple Inc.*,
  979 F.3d 1332 (Fed. Cir. 2020) ............................................................................................... 4

*Athalonz LLC v. Under Armour, Inc.*,
  2023 WL 8809293 (E.D. Tex. Dec. 20, 2023) ......................................................................... 4

*In re Chamber of Com. of United States of Am.*,
  2024 WL 3042100 (5th Cir. June 18, 2024) ............................................................................ 3

*Chrimar Sys., Inc. v. Dell, Inc.*,
  2016 WL 9275408 (E.D. Tex. Feb. 29, 2016) ......................................................................... 1

*In re Clarke*,
  94 F.4th 502 (5th Cir. 2024) ........................................................................................... 1, 2, 4, 5

*EcoFactor, Inc. v. Google LLC*,
  2022 WL 17169178 (W.D. Tex. Nov. 1, 2022) ....................................................................... 5

*In re EMC Corp.*,
  501 F. App'x 973 (Fed. Cir. 2013) ........................................................................................... 5

*In re Fort Worth Chamber of Com.*,
  100 F.4th 528 (5th Cir. 2024) ............................................................................................. 1, 4

*Freedom Patents LLC v. DISH Network Corp.*,
  2024 WL 1147828 (E.D. Tex. Mar. 15, 2024) ......................................................................... 2

*In re Google LLC*,
  2021 WL 5292267 (Fed. Cir. Nov. 15, 2021) .......................................................................... 2

*In re Planned Parenthood*,
  52 F.4th 625 (5th Cir. 2022) ................................................................................................ 2, 3

*In re TikTok*,
  85 F.4th 352 (5th Cir. 2023) ................................................................................................ 1, 5

*U.S. Ethernet Innovations, LLC v. Acer, Inc.*,
  2010 WL 2771842 (E.D. Tex. July 13, 2010) ......................................................................... 6

*VisionX Techs. LLC v. Sony Grp. Corp.*,
  2023 WL 3572898 (E.D. Tex. May 19, 2023) ......................................................................... 4

**FILED UNDER SEAL**
**HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY**

**Rules**

Fed. R. Civ. P. 45(c)(1)(A) ...................................................................................................3

Fed. R. Civ. P. 45(c)(1)(B) ...................................................................................................3

**FILED UNDER SEAL**
**HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY**

SAP still does not address the full weight of recent Fifth Circuit case law, including *In re Clarke*, 94 F.4th 502 (5th Cir. 2024) and *In re Fort Worth*, 100 F.4th 528 (5th Cir. 2024), which clarified the applicable transfer factors and reaffirmed a movant's high burden.  SAP now analyzes *In re TikTok* but misinterprets it, ignoring that other courts share Valtrus's interpretation.  Nevertheless, it is clear that SAP's "convenience" benefits cannot bear the weight that SAP places on them: (1) Messrs. Tumu and Padakal are neither relevant nor trial witnesses; (2) SAP's assessment of Valtrus's convenience is contrary to Fifth Circuit guidance; (3) SAP's electronic evidence is no less accessible from Marshall; (4) no unwilling witnesses are closer to Sherman than Marshall; and (5) DFW's proximity to Sherman has limited legal relevance since the bulk of SAP's identified employees require significant international travel no matter the venue.  Moreover, three factors that SAP labeled "neutral" actually weigh *against* transfer, including "practical problems," "court congestion," and "conflict of law."  SAP's motion should be denied.

**A.  The Court Should Strike or Discredit Mr. Pandya's New Declaration on Reply**

SAP's new declaration from Mr. Pandya states that  Pandya Decl. (Dkt. 45-1).  The declaration is improper.  First, it is new evidence on reply that was not disclosed during discovery. *See Chrimar Sys., Inc. v. Dell, Inc.*, 2016 WL 9275408, at *1 (E.D. Tex. Feb. 29, 2016).  Indeed, at his deposition (as SAP's sole 30(b)(6) witness), Mr. Pandya didn't know (and appeared to have not investigated) *See* Opp. at 4.[1]  Second, the declaration lacks credibility because SAP has not submitted any *actual evidence* to support its

---

[1] Further, this follows a pattern from Mr. Pandya.  For example, in his original declaration, Mr. Pandya proffered 18 individuals as likely witnesses but couldn't explain the relevance of any of them.  Opp. at 4-5.  Nor could he fully explain why many of these witnesses went missing from SAP's initial disclosures, suggesting three of them were not relevant (but providing no explanation for the other missing witness). *Id.* at 5. Nor did SAP inform the Court about SAP's changed position,

**FILED UNDER SEAL**
**HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY**

position.[2] Thus, the declaration should be stricken or otherwise not credited.

### B. The Relative Ease of Access to Sources of Proof is Neutral (Private Factor 1)

SAP accuses Valtrus of misreading *In re Google* even though Valtrus quotes it. In fact, Valtrus interprets the case as this Court and others have done: In the case of electronic evidence, what matters is the location of servers, location of custodians, and where documents are created and maintained. *See* 2021 WL 5292267, at *2 (Fed. Cir. Nov. 15, 2021); *see also Freedom Patents LLC v. DISH Network Corp.*, 2024 WL 1147828, at *3 (E.D. Tex. Mar. 15, 2024). The district court erred in *In re Google* by considering "only" server locations, and SAP also erroneously treats its ability to "access" documents from its Plano/Allen offices as dispositively weighing this factor in support of transfer. *Id.* In fact, SAP's documents are no less accessible from Marshall. And SAP provides no evidence that it has even gathered or produced any documents from its Plano/Allen offices in this case, or that it plans to do so at any point in this litigation.

SAP also accuses Valtrus of "misrepresent[ing] *Planned Parenthood*," but overlooks the fact that Valtrus was again quoting *SVV Technology*, which analyzed *Planned Parenthood*. *See* Opp. at 6. As the court in *SVV Technology* found, *Planned Parenthood* did, in fact, "conclude[] that this factor is neutral because electronic evidence is equally accessible in either forum." *Id*.

### C. Availability of Compulsory Process Weighs Against Transfer (Private Factor 2)

SAP continues to stress that "several relevant entities (SAP America, Inc., HPE, and PPS) [are] within the subpoena power of the Sherman Division, but no third-party witness or entity is within the Marshall Division's subpoena power." Reply at 2. Much is wrong with SAP's statement. Regarding the first clause, (1) no subpoena is required for "SAP America, Inc." because

---

[2] SAP states that " ███████████████████████████████████████ ." Reply at n.2. But under *In re Clarke*, it is SAP's burden to provide evidence that its transfer benefits are "significant" and will "*actually* materialize," not Valtrus's. 94 F.4th at 508.

it is not an unwilling third-party, (2) SAP has not "alleged or shown that [HPE] would be unwilling to testify," (*see Planned Parenthood*, 52 F.4th at 630-631); and (3) PPS is not an unwilling witness (*see* Kumar Decl. at ¶9 (Dkt. 41-2)).  As for the second clause, the Marshall Division has subpoena power over HPE and AMD because they regularly do business in Texas and can easily attend trial given their offices in Houston.  *See* Fed. R. Civ. P. 45(c)(1)(B); Opp. at 8-9.[3]

### D. Trial Witness Convenience Slightly Weighs Against Transfer (Private Factor 3)

SAP now acknowledges that this factor concerns only likely *trial witnesses*, but takes no position as to its own 18 identified employees.  Reply at 3.  Valtrus has confirmed that it won't be calling Messrs. Tumu or Padakal at trial, making their location irrelevant.  And all but two of SAP's remaining witnesses reside abroad and require substantial international travel to attend trial in either division.  SAP claims it intends to call Ms. Kumar, but doesn't dispute recent Fifth Circuit precedent holding that it cannot use the location of Valtrus or PPS personnel (as Valtrus's advisors) to defeat Valtrus's choice of venue.  *See* Opp. at 12 (*citing In re Fort Worth*, 2024 WL 1976963 (5th Cir. May 3, 2024); *see also In re Chamber of Commerce*, 2024 WL 3042100, at *6 (5th Cir. June 18, 2024) ("Because § 1404(a) is concerned with the convenience of *parties*, not *attorneys*, we do not consider the convenience of counsel." (emphasis in original)).  Nor does SAP dispute that the same precedent controls with respect to Ms. Quinlan.  *See* Opp. at 11-12.

Importantly, SAP does not dispute the relevance of its seven employees in Atlanta and Houston, which Valtrus identified as likely witnesses based on deposition testimony, the accused products, and public evidence.  Instead, SAP purports that the number of direct flights to DFW and

---

[3] SAP now argues for the relevance of deposition subpoenas, but new arguments on reply are improper.  And though SAP focuses only on the court's 100-mile subpoena power under Rule 45(c)(1)(A), it doesn't explain why Rule 45(c)(1)(B) lacks relevance.  Either way, SAP's failure to identify any unwilling witnesses dooms its argument.

minor differences in flight costs from Atlanta and Houston should somehow control.[4]  Reply at 3. But none of these issues (even if they accurately represented flight options and prices at the time of trial) can fairly be considered "significant" convenience gains or cost savings to warrant transfer under *In re Clarke* (a key Fifth Circuit case SAP ignores).  Opp. at 3.  And SAP assumes (without evidence) that its Houston employees would prefer flying to DFW and driving to Sherman than just driving ~3.5 hours directly to Marshall.  As for its Atlanta employees, SAP assumes (also without evidence) that the Atlanta flights to Shreveport are somehow too limited.

SAP also charges Valtrus with quoting *Athalonz* out of context, but Valtrus also cites Fifth Circuit precedent (*In re Fort Worth*), Federal Circuit precedent (*In re Apple*), and an EDTX case (*VisionX Techs. v. Sony Grp.*) to support its position. Opp. at 11. In any event, Valtrus properly cited *Athalonz* for the proposition that courts shouldn't overweigh "travel inconvenience when the witnesses will be traveling a significant distance." *Id.*

### E.  Practical Problems Strongly Weigh Against Transfer (Private Factor 4)

SAP now acknowledges that the overlap of the '264 patent with Valtrus's pending cases against T-Mobile and Verizon is a relevant consideration.  Though SAP tries to minimize the significance of this issue, its argument (at most) would support *moderately* weighing this factor against transfer, not weighing it as neutral.  In any event, SAP still ignores additional reasons that denying transfer promotes judicial economy, including avoiding (1) the unnecessary duplication of this Court's efforts by a new Judge and (2) the risk of inconsistent claim construction rulings. Lastly, SAP suggests that Valtrus could consolidate its cases as a Multi-District Litigation.  But it

---

[4] SAP doesn't provide apples-to-apples price comparisons, ignoring that the "affordable" flights under $100 additionally charge for even carry-on bags. Accounting for this, the price difference between ATL to DFW vs. ATL to SHV is ~$100 ($157 to Dallas but $244 to Shreveport).  *Compare*, Ex. E to Dkt. 41 *with* Ex. AF to Dkt. 45.

makes little sense to transfer the case only to then consolidate it as an MDL in Marshall.[5]

### F. The Court's Localized Interest Is Neutral (Public Factor 1)

Under *TikTok*, this factor encompasses events that "gave rise to a suit," so PPS's attempts to resolve the dispute through pre-litigation licensing is irrelevant. Opp. at 13. Under *In re Clarke*, residency and presence in a venue does not create a local interest, so the presence of Mr. Tumu, Mr. Padakal, and Ms. Kumar near Sherman is irrelevant. *Id.* SAP argues that its "point of sale occurs via SAP's Plano office," but the argument is neither supported nor in SAP's opening brief.

### G. Court Congestion Weighs Against Transfer (Public Factor 2)

SAP states that "the progress of the case is relevant only when a party inexcusably delays filing its § 1404 motion." *Id.* But *TikTok* (citing *Planned Parenthood*) embraced no such qualifier. *See* 85 F.4th at 363; *see also EcoFactor, Inc. v. Google*, 2022 WL 17169178, at *12 (W.D. Tex. Nov. 1, 2022) ("The Fifth Circuit has concluded that this factor weighs against transfer where the case 'appears to be timely proceeding to trial.'" (citation omitted)). It makes little sense to disrupt a case by transferring it only to have it *continue on* as before, so this factor weighs against transfer.

### H. Conflict of Law Weighs Against Transfer (Public Factor 4)

SAP quibbles with the overlap of the "practical problems" and "conflict of law" factors but doesn't dispute that the overlapping '264 patent creates a risk of conflicting rulings with respect to patent ownership, marking, claim construction, and damages issues. *See* Opp. at 15. The fact is that multiple courts addressing similar issues both raises practical problems regarding judicial economy *and* risks conflicting rulings. As for *U.S. Ethernet*, Valtrus appropriately cited a footnote to highlight the importance of claim construction uniformity. This factor weighs against transfer.

---

[5] In a footnote SAP cites *In re EMC Corp.,* 501 F. App'x 973, 976 (Fed. Cir. 2013) for the proposition that transfer factors are determined based on "the situation which existed when suit was instituted," but neglects to mention that the case also clarified that "a district court's experience with a patent in prior litigation and the co-pendency of cases involving the same patent are permissible considerations in ruling on a motion to transfer venue."

**FILED UNDER SEAL**
**HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY**

Dated: June 20, 2024

                        Respectfully submitted,

                        /s/ *Matthew G. Berkowitz by permission Claire Abernathy Henry*
                        Matthew G. Berkowitz – LEAD ATTORNEY
                        Patrick R. Colsher
                        Navid C. Bayar
                        Aaron L. Morris
                        Reichman Jorgensen Lehman & Feldberg LLP
                        100 Marine Parkway, Suite 300
                        Redwood Shores, CA 94065
                        Tel: (650) 623-1401
                        mberkowitz@reichmanjorgensen.com
                        pcolsher@reichmanjorgensen.com
                        nbayar@reichmanjorgensen.com
                        amorris@reichmanjorgensen.com

                        Khue V. Hoang
                        Reichman Jorgensen Lehman & Feldberg LLP
                        400 Madison Avenue, Suite 14D
                        New York, NY 10017
                        Tel: (212) 381-1965
                        khoang@reichmanjorgensen.com

                        *Of Counsel:*

                        Andrea L. Fair
                        Texas Bar No. 24078488
                        Claire Abernathy Henry
                        Texas State Bar No. 24053063

                        WARD, SMITH & HILL, PLLC
                        1507 Bill Owens Pkwy.
                        Longview, TX 75604
                        Tel: (903) 757-6400
                        andrea@wsfirm.com
                        claire@wsfirm.com

                        *Attorneys for Plaintiff*

**FILED UNDER SEAL**
**HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on June 20, 2024, all counsel of record who are deemed to have consented to electronic service are being with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

*/s/ Claire Abernathy Henry*
Claire Abernathy Henry

**CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL**

The undersigned hereby certifies that pursuant to the protective order in the above-captioned case, this motion contains confidential information. Accordingly, this document is to be filed under seal.

*/s/ Claire Abernathy Henry*
Claire Abernathy Henry