## IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TEXAS MARSHALL DIVISION

| | |
|---|---|
| VALTRUS INNOVATIONS, LTD. AND KEY PATENT INNOVATIONS, LTD., §§§ | |
| Plaintiffs, §§ | |
| v. § | CASE NO. 2:24-CV-00021-JRG-RSP |
| SAP AMERICA, INC. and SAP, SE §§ Defendants. §§ | |

### MEMORANDUM ORDER

Before the Court is SAP's Motion for Leave to Amend and Supplement Invalidity Contentions. **Dkt. No. 131.** Also before the Court is Plaintiffs' Motion for Leave to Serve a Supplemental Expert Report Regarding an Unexpected Claim Construction. **Dkt. No. 197**. For the reasons discussed below, the Court **DENIES** SAP's Motion and **GRANTS** Plaintiffs' Motion.

First, the Court finds that SAP has not shown good cause to amend its invalidity contentions to add its own product as invalidating prior art. The Court rejects SAP's position that it was diligent based on seeking to amend its contentions only after Plaintiff made inquiries into the Sybase code. SAP's position is particularly untenable because Sybase is its own product and SAP could readily have contended that it is invalidating within the contentions deadline. Seeking to amend its invalidity contentions to add its own product after the claim construction hearing unfairly prejudices Plaintiff.

Second, the Court finds that Plaintiffs have complied with P.R. 3-6(a) and can supplement their infringement contentions and serve a supplemental expert report. The Court's

claim construction of "highly reliable fault-tolerant storage media" was unexpected.[1] Neither party proposed the Court's construction and neither party was reasonably on notice of it prior to the issuance of the Court's claim construction order. The Court further finds that Valtrus was diligent in pursuing its amendments and supplements. Additionally, the Court stresses the importance of the supplementations based on the Court's practice of requiring experts to apply the Court's claim constructions. In this case, Valtrus simply could not have applied the claim construction prior to the issuance of the claim construction order and Valtrus acted diligently to fix that issue. Finally, the prejudice to Defendants is minimized because Valtrus is not providing any new theories but is supplementing its previously disclosed theories. Nevertheless, the Court recognizes that Defendants should have an opportunity to rebut Plaintiff's new supplemental expert report. Accordingly, it is **ORDERED** that Defendants have leave to serve a supplemental rebuttal expert report addressing Dr. Farach-Colton's supplemental infringement report, within 10 days of the filing of this Order. Additionally, by that same deadline, Defendants may supplement their invalidity report based on these implicated claim constructions.[2]

       **SIGNED this 22nd day of August, 2025.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE

---

[1] While not quite as unexpected, the Court's sees no prejudice in allowing Dr. Farach-Colton to supplement his opinion on the '575 patent to simply explain that his opinion comports with the Court's construction.

[2] At this stage of the case, the Court will not require Defendants to supplement their contentions.